UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Alan KING,
Defendant–Appellant.

No. 89–3436
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1990.

Michael Alan King, Talladega, Ala., Pro se.

Robert J. Boitmann, Lance M. Africk, Asst. U.S. Attys., and John P. Volz, U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEE, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Convicted on pleas of guilty to five counts of bank robbery, King appeals from the denial of his motion to vacate sentence. Along with various other contentions that do not merit discussion, he asserts that he should have been sentenced under the Guidelines, although his offenses and his pleas transpired long before their effective date.

We have, however, clearly held that when Congress enacted the Sentencing Reform Act it intended the new guidelines, when they were developed, to apply only to offenses committed on or after their effective date. *United States v. Haines*, 855 F.2d 199, 200–01 (5th Cir.1988). That effective date was November 1, 1987. *See United States v. Byrd*, 837 F.2d 179, 181 (5th Cir.1988). King "had no right to be sentenced under the sentencing guidelines, as they were not in effect when he committed his crimes." *United States v. Watson*, 868 F.2d 157, 158 (5th Cir.1989). "Congress' clear intent was, in fact, that the [Act] not apply retroactively." *United States v. Stewart*, 865 F.2d 115, 118 (7th Cir.1988). King's assertions to the contrary are meritless.

Next, King suggests that the district court did not adequately consider the equal protection or due process aspects of his argument. King made no due process argument for the district court to consider; the court cannot reasonably be expected to give "adequate consideration" to arguments which it did not hear.

We have, moreover, held that

there is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed. His culpability is adjudged on the basis of the laws that existed when he committed the crime.

*Haines*, 855 F.2d at 200. King's equal protection claim is merely a repackaging of his assertion that the guidelines should be applied retroactively. *See United States v. George*, 891 F.2d 140 (7th Cir.1989). For the reasons previously set forth, we reject that argument.

AFFIRMED.