**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bennie Clarence EBERTOWSKI,
Defendant–Appellant.**

**No. 89–1642
(Summary Calendar).**

United States Court of Appeals,
Fifth Circuit.

March 7, 1990.

Gerald H. Goldstein, Patrick T. Peranteau, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U.S. Atty., San Antonio, Tex., Thomas M. Gannon, U.S. Dept. of Justice, Washington, D.C., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Convicted on a guilty plea of distribution of methamphetamine and income tax evasion Bennie Clarence Ebertowski appeals his sentence, contending that the district court used the wrong criminal history category in applying the Sentencing Guidelines.

---

We agree, vacate Ebertowski's sentence and remand for resentencing.

## Background

Ebertowski was arrested after selling approximately one ounce of methamphetamine to an informant of the Drug Enforcement Administration and the Central Texas Narcotics Task Force. He was indicted for possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1). Pursuant to a plea agreement he pled guilty to a superseding information charging the same narcotics offense plus income tax evasion, 26 U.S.C. § 7201. In exchange for this plea the government agreed not to prosecute Ebertowski for any other narcotics or tax offenses of which it then was aware. The district court accepted the plea and sentenced Ebertowski to 85 months incarceration on the narcotics count and 35 months incarceration on the tax evasion count, to be served concurrently, and a fine of $5,000 for the controlled substance offense. Ebertowski timely appealed.

## Analysis

 The sole issue presented on appeal is whether the district court erred in using a criminal history category of VI in sentencing Ebertowski under the Sentencing Guidelines. Our review is limited to determining whether the sentence was imposed in violation of law or as a result of an incorrect application of the Guidelines or, if the sentence was a departure from the Guidelines, whether it is unreasonable. 18 U.S.C. § 3742(e). We accept findings of fact unless clearly erroneous and give deference to the court's application of the Guidelines. *Id., United States v. Mejia–Orosco,* 867 F.2d 216 (5th Cir.), *clarified on denial of pet. for reh'g,* 868 F.2d 807 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989). Moreover, because Ebertowski failed to object to the court's use of criminal history category VI at the sentencing hearing we may reverse

only upon a finding of plain error. "To constitute plain error, the error must have been so fundamental as to have resulted in a miscarriage of justice." *United States v. Yamin,* 868 F.2d 130, 132 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3258, 106 L.Ed.2d 603 (1989). Despite Ebertowski's demanding burden under these standards, we are convinced that the district court committed the requisite level of error in incorrectly applying the Guidelines.

The main dispute at the sentencing hearing was whether Ebertowski should be sentenced as a career offender. According to the presentence investigation report (PSI), Ebertowski had three criminal history points, which placed him in criminal history category II.[1] Guidelines § 4A1.1; Ch. 5, Part A, Sentencing Table. However, the PSI concluded that Ebertowski met the characteristics of a career offender as defined by Guideline § 4B1.1, which mandates an increase in offense level and a criminal history category of VI, the highest Guidelines category. Both Ebertowski and the government disagreed with the PSI.

For purposes of this appeal, we need not discuss the substance of this dispute because the district court specifically ruled that it would not apply the career offender enhancement:

> [B]ased on the position previously stated by the U.S. Attorney's Office in San Antonio, I will yield to that and determine that the career offender Guidelines should not apply in this case, although I think .... So let's go on to the other objections and leave that one behind us....

The government, although it now has reversed its position, did not appeal. Accordingly, whether Ebertowski should have been sentenced as a career offender is not before us.

The narrow issue that is before us is whether the district court erred in placing Ebertowski in criminal history category VI *after* determining not to apply the career offender guideline. We hold that it did.

---

**1.** Our references to the PSI should not be construed as approval of its application of the

Guidelines, a question that we do not decide.

The government does not identify any basis under the Guidelines for a criminal history category of VI other than the career offender enhancement. Nor have we found any such basis in the criminal history compiled in the PSI or elsewhere in the record. We accordingly are compelled to the conclusion that the court incorrectly applied the Guidelines by assigning Ebertowski criminal history category VI.

The government argues that a criminal history category of VI is justified either as a departure downward from the career offender enhancement or a departure upward from a category of II. A fair reading of the sentencing hearing transcript, however, establishes that the court never considered departure. The court could not have departed downward from the career offender enhancement because it explicitly decided not to apply that enhancement. Nor did the court give any indication that it intended to depart upward from the criminal history category applicable under the Guidelines. In any event, the court did not provide the requisite explanation for a departure including: (1) specification of the applicable Guidelines criminal history category; (2) identification of the aggravating factors either not considered by the Guidelines or inadequately considered; (3) a statement of the reasons that these factors justify departure in terms of the policies underlying the Guidelines; and (4) an explanation of why a departure to an intermediate Guidelines category would not be adequate. 18 U.S.C. § 3553(b), (c); *Mejia–Orosco; United States v. Roberson,* 872 F.2d 597 (5th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 175, 107 L.Ed.2d 131 (1989); *United States v. Lopez,* 871 F.2d 513 (5th Cir.1989).

The sentence is VACATED and the case is REMANDED for resentencing.