UNITED STATES of America,
Plaintiff–Appellee,

v.

George A. GARCIA,
Defendant–Appellant.

No. 89–7074

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 6, 1990.

Charles B. Frye, Lubbock, Tex., (court appointed), for defendant-appellant.

Delonia A. Watson, Asst. U.S. Atty., Dept. of Justice, Dallas, Tex., Marvin Collins, Lubbock, Tex., for plaintiff-appellee.

---

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Defendant-appellant George A. Garcia (Garcia) challenges the district court's order that he serve his sentence on one count of obstruction of justice, which is subject to the United States Sentencing Guidelines (Guidelines count), consecutively to his sentence on another count of filing a false claim for a federal income tax refund, which is not subject to the Sentencing Guidelines (pre-Guidelines count). We affirm.

**Facts and Proceedings Below**

According to the factual resumé supporting his guilty plea, Garcia prepared and filed in the name of Trinidad M. Hernandez (Hernandez) a false claim for a federal income tax refund on or about February 28, 1986. In response, the United States Treasury Department mailed a check payable to Hernandez for $4,800 to the address of Garcia's brother, who apparently forwarded it to Garcia. Garcia apparently forged Hernandez' signature and deposited the check in his, Garcia's, personal account. On November 1, 1988, federal agents questioned Garcia concerning this tax refund claim made in Hernandez' name. Immediately following this questioning, Garcia proceeded to Hernandez' residence and offered Hernandez an acre of land if Hernandez would cover up the false tax refund claim. Garcia requested Hernandez not to

answer any questions about the claim or refund check and, if he felt he had to answer such questions, that Hernandez falsely state that he had authorized Garcia to file the claim.[1]

Pursuant to a plea agreement, Garcia entered a plea of guilty to two counts of a six-count indictment—namely, one count of filing a false claim for a federal income tax refund on or about February 28, 1986, in violation of 18 U.S.C. § 287, relating to the false Hernandez refund claim, and another count of obstruction of justice on or about November 1, 1988, in violation of 18 U.S.C. § 1510, relating to the offer to pay Hernandez for his silence or false statements regarding the investigation of the refund claim. Prior to accepting Garcia's guilty plea, the district court pointed out to him that the Sentencing Guidelines did not apply to the false tax refund claim count.

On November 17, 1989, the district court sentenced Garcia to the statutory maximum of five years' imprisonment on the pre-Guidelines count, the February 28, 1986 false tax refund claim count, in light of his prior convictions for similar violations. See note 1, supra; 18 U.S.C. § 287. With respect to the Guidelines count, the November 1, 1988 obstruction of justice count involving the offer to Hernandez, the amended presentence report recommended a guideline sentencing range of fifteen to twenty-one months' imprisonment,[2] based on a criminal history of four and an adjusted offense level of ten.[3] Adopting that recommendation, the district court sen-

1. On February 20, 1986, in another proceeding, a district court had sentenced Garcia on three counts of filing false tax refund claims. The court ordered Garcia to serve consecutive sentences of four years' imprisonment on two of those counts. The court allowed Garcia to surrender voluntarily to federal prison authorities on March 3, 1986. Garcia filed the false claim at issue in the present case shortly before surrendering to prison authorities because of the prior violations. Garcia was paroled from the Salvation Army Halfway House on October 21, 1988. Soon thereafter, Garcia attempted to bribe Hernandez to cover up the instant false tax refund claim. As a result, the United States Parole Commission issued a parole violator's warrant and filed it as a detainer. See Tijerna v. Thornburgh, 884 F.2d 861, 864–66 (5th Cir. 1989).

2. The district court found as to the obstruction of justice count that there were no aggravating or mitigating factors warranting a departure from the applicable sentencing range under the Sentencing Guidelines. The statutory maximum term of imprisonment for obstruction of justice is five years. See 18 U.S.C. § 1510(a).

3. The base offense level for obstruction of justice is twelve. See U.S. Sentencing Comm'n, Guidelines Manual § 2J1.2 (Nov.1989) (hereinafter U.S.S.G.). The district court determined that the offense level should be adjusted downward by two levels because of Garcia's acceptance of responsibility. See id. § 3E1.1(a).

tenced Garcia to twenty-one months' imprisonment on the Guidelines count, to be served consecutively to the sentence on the pre-Guidelines count and to be followed by three years of supervised release. This appeal followed.

## Discussion

■ Garcia's sole contention on appeal is that the court erred in ordering his imprisonment sentence on the two counts to be served consecutively. His principal argument is that the confinement terms on each count should have been concurrent, but he also asserts that in any event his confinement sentence on the Guidelines count should not have been made consecutive to that on the pre-Guidelines count. Garcia does not contend that the court erred in imposing a five-year term of imprisonment on the pre-Guidelines count or a twenty-one-month term of imprisonment on the Guidelines count.

This case might involve an easier issue to resolve if both counts were governed by the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, and the Sentencing Guidelines promulgated pursuant to that Act. Section 3584(a) provides that "[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively." Section 3584(b) qualifies the previous subsec-

tion: "The court in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)," which incorporates the Sentencing Guidelines.

Section 5G1.2 of the Sentencing Guidelines outlines the approach for sentencing on multiple counts of conviction. First, the adjusted offense level of each count is determined and added together. The combined adjusted offense level then is compared with the applicable criminal history category in order to determine the "total punishment." U.S.S.G. § 5G1.2(b); *see id.* comment. If the statutory maximum of at least one of the counts is adequate to permit imposition of the total appropriate guideline punishment as the sentence on that count, then

> "[t]he sentence on each of the other counts will then be set at the lesser of the total punishment and the applicable statutory maximum, and *be made to run concurrently* with all or part of the longest sentence. If no count carries an adequate statutory maximum, consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." *Id.* comment. (Emphasis added).[4]

Whether the district court erred in imposing consecutive sentences in the present

---

**4.** The commentary to section 5G1.2 was amended for purposes of *clarification* on November 1, 1989—shortly before the district court sentenced Garcia—by deleting the phrase, "any combination of concurrent and consecutive sentences that produces the total punishment may be imposed," and inserting in lieu thereof the phrase, "consecutive sentences are to be imposed to the extent necessary to achieve the total punishment." *See id.* App. C, No. 287, at C.149. This clarifying change is of no relevance to the present issues.

As noted earlier, the district court determined that the adjusted offense level applicable to the Guidelines count is ten. The district court did not apply the Sentencing Guidelines to the pre-Guidelines count. It is unclear, therefore, exactly what its adjusted offense level would be if it were under the Sentencing Guidelines. The base offense level for such a fraud-related offense is six. *See id.* § 2F1.1(a). Because the loss related to that count apparently was $4,800, the offense level would be increased by one level. *See id.* § 2F1.1(b)(1)(B). Because Gar-

cia apparently accepted responsibility for his criminal conduct, the offense level would also be decreased by two levels. *See id.* § 3E1.1(a). If it were determined, for example, that the offense involved more than minimal planning and violated a judicial order, the offense level would be increased by a total of four levels. *See id.* §§ 2F1.1(b)(2)(A), 2F1.1(b)(3)(B). Assuming that all of these provisions were applicable to the false tax refund claim count, the adjusted offense level for that count would be nine. The combined adjusted offense level for both counts would be nineteen and with the criminal history category of four this would yield a total sentencing range of forty-six to fifty-seven months. *See* U.S.S.G. Chapter 5, Part A at 5.2 (sentencing table). As noted earlier, both counts have a statutory maximum of five years' imprisonment, which is adequate to permit imposition of the total punishment. Thus, assuming that the Sentencing Guidelines were applicable to both counts and that the adjusted offense level of the false tax refund claim count were nine, section 5G1.2(c) indicates that the

case is complicated by the fact that the Sentencing Guidelines do not apply to the false tax refund claim count because the offense underlying that count occurred on February 28, 1986, well prior to the November 1, 1987 effective date of the Sentencing Guidelines. *See, e.g., United States v. King,* 895 F.2d 205, 205 (5th Cir.1990) (per curiam). The Fourth Circuit recently addressed such an issue in *United States v. Watford,* 894 F.2d 665 (4th Cir.1990) (opinion by Judge Wilkins, the Chairman of the United States Sentencing Commission).

■ In *Watford,* the court upheld the district court's order that various defendants serve their respective sentences for conspiracy to commit mail fraud, which was governed by the Sentencing Guidelines, consecutively to their respective sentences on a number of pre-Guidelines substantive counts. *See id.* at 667 ("As to the [Guidelines] conspiracy count, the district judge sentenced Watford under the sentencing guidelines to a five-year term of imprisonment to be served *consecutively to* the thirty-five year term imposed for the" pre-Guidelines counts; emphasis added). The Fourth Circuit reasoned:

"In any event, since the conspiracy count was the only count subject to the sentencing guidelines and the dictates of the Sentencing Reform Act, that is as far as the guidelines can reach in their requirements. As we have recognized, *the sentencing court has unfettered discretion to impose sentences on pre-guidelines counts consecutively or concurrently.* And nothing in the guidelines or the Sentencing Reform Act precludes the court from ordering that a sentence im-

posed on a pre-guidelines count be served consecutively to a sentence imposed on a guidelines count.

"Granted it would have been more in keeping with the intent of the Act and the sentencing guidelines to ... impose a sentence on the conspiracy count consecutively only to the extent necessary to provide an incremental increase in punishment for that portion of the total criminal activity not included and punished in the sentence on the substantive counts. But, we cannot say that the court's use of its concurrent/consecutive authority to fashion what it considered an appropriate sentence, taking into account *the difference between pre-guideline sentences for which parole is available and guideline sentences for which it was not,* was erroneous.... Consequently, the decision of the district court may not be disturbed." *Id.* at 669–70 (emphasis added).

*See also United States v. Helms,* 897 F.2d 1293, 1299 (5th Cir.1990) (upholding defendants' consecutive sentences on multiple pre-Guideline counts of mail fraud and emphasizing that "[t]he district court has broad discretion in sentencing determinations").[5]

We agree with Judge Wilkins' opinion in *Watford* that sentencing courts have the discretionary power to impose consecutive sentences contrary to the mandate of the Sentencing Guidelines where a defendant is convicted for both Guidelines and pre-Guidelines offenses. In light of our concurrence with *Watford* and Garcia's concession that the district court properly imposed a twenty-one-month term of impris-

---

imposition of concurrent sentences would be warranted in the present case.

**5.** The United States Sentencing Commission also recently addressed how a defendant should be sentenced if an indictment includes pre-Guideline and Guideline counts:

"The Sentencing Reform Act of 1987, passed on December 7, 1987, (Public Law 100–182), included a provision that the guidelines apply to offenses occurring on or after November 1, 1987. The pre-guideline counts would therefore be sentenced under pre-guideline provisions and counts that pertain to offenses occurring on or after November 1, 1987, would be sentenced under the guidelines.

"Relevant conduct for offenses subject to the guidelines is to be determined without regard to the November 1 implementation date. If the relevant conduct for an offense committed on or after November 1, 1987, overlaps with conduct sanctioned as part of a pre-November 1 count, there would be a potential for double counting unless the pre-guideline counts were sentenced concurrently. The court will have to carefully fashion the sentence with these concerns in mind." U.S. Sentencing Comm'n, *Questions Most Frequently Asked About the Sentencing Guidelines* 4 (3d ed. March 1990).

onment on the Guidelines count, we reject Garcia's contention that the imposition of consecutive sentences constituted a departure from the Sentencing Guidelines.[6]

Even if section 5G1.2 of the Sentencing Guidelines does not apply to the pre-Guidelines count, Garcia asserts that this section still is applicable to the Guidelines count. Thus, Garcia contends that the court erred in ordering the term of imprisonment on the Guidelines count to run consecutively to that on the pre-Guidelines count. However, *Watford* upheld such a sentence. Moreover, Garcia does not suggest that he is prejudiced in any manner by the sentence on *the Guidelines count running consecutively to that on the pre-Guidelines count, as opposed to* the sentence on the pre-Guidelines count running consecutively to that on the Guidelines count.[7] Nor does he ask that we change the order in which his sentences are to be served so that the Guidelines sentence is served first or that we direct the district court to do so. We, therefore, conclude that Garcia's contention in this latter respect does not entitle him to any relief on appeal.

For the foregoing reasons, Garcia's sentence is

AFFIRMED.

---

**6.** If there were such a departure, it could only be justified if the district court expressly found special circumstances, not adequately taken into account in the Sentencing Guidelines, warranting the departure. Since the district court did not consider that it was departing from the Sentencing Guidelines in this respect, it did not make any such express findings.

**7.** For example, Garcia does not allege, and it is not readily apparent from the applicable federal regulations, that the order of the consecutive sentences materially affects Garcia's eligibility for parole as to the pre-Guidelines count. The parole regulations indicate that, where consecutive sentences are imposed on counts subject to parole, the terms of imprisonment generally are aggregated in determining when the defendant may be paroled. *See* 28 C.F.R. § 2.5 (1989); *see also* 18 U.S.C. § 4205(a) ("Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be *eligible for release on parole after serving one-third of such* term or *terms* ... except to the extent otherwise provided by law." (Emphasis added.)); *id.* § 4161 (mandating aggregation of consecutive sentences for determining good time allowances). The regulations, however, do not expressly address the situation in which consecutive sentences are imposed as to a count subject to parole and a count not subject to parole.

The only relief Garcia has requested is a reversal with directions that the sentence on the Guidelines count be made to run concurrently with the sentence on the pre-Guidelines count. Even if Garcia were prejudiced by the order in which the district court directed the sentences be served, remand for a new sentencing hearing would not be warranted. At best, we would order that Garcia's sentence be modified so that his sentence on the pre-Guidelines count would run consecutively to that on the Guidelines count (relief that Garcia has not requested). But, as noted, there is no suggestion that it makes any difference.