UNITED STATES of America, Plaintiff–Appellee,

v.

Colleen PARKS, Defendant–Appellant.

No. 90–5552.

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1991.

P. Joseph Brake, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

C. Larry Mathews, Jr., Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Colleen Parks challenges her sentences for multiple offenses on the ground that the district court misapplied the Sentencing Guidelines. Specifically, Parks argues that the district court erred in imposing concurrent sentences for her pre-Guideline convictions and separate concurrent sentences for her post-Guideline convictions with the two groups of sentences to run consecutively. Parks urges that the court engaged in double counting of the offenses since it considered pre-Guideline conduct in calculating the Guideline sentences.

## FACTS AND PRIOR PROCEEDINGS

Colleen Parks' criminal conduct began while she was a loan officer at the National Bank of Commerce in San Antonio, Texas. An investigation revealed that Parks made at least twenty-seven bogus loans. She then converted the loan funds to her personal use. The grand jury indicted Parks with twenty-seven counts of felonious misapplication of funds belonging to a federally insured bank, in violation of 18 U.S.C. § 656. The jury found Parks guilty on all twenty-seven counts. The offenses charged in counts 1 through 24 occurred before November 1, 1987, the effective date of the Sentencing Guidelines. The conduct charged in counts 25 through 27 occurred after November 1, 1987.

The total amount of the twenty-seven fictitious loans was over $280,000; the bank's loss was over $248,000. Although the total amount of the loans made after November 1, 1987, was $25,500, the trial court used the $280,000 figure in calculating Parks' offense level under the Guidelines. *See* U.S.S.G. § 2B1.1(b)(1)(J).[1] Because the court used the $280,000 figure, Parks' sentencing range was twenty-four to thirty months. If the court had used the $25,500 figure, her sentencing range would have been fifteen to twenty-one months.[2]

The court sentenced Parks to concurrent sentences of sixty months for each of counts 1 through 24 and concurrent sentences of thirty months for each of counts

---

**1.** The trial court based its sentencing rulings on a presentence report prepared on March 13, 1990. The report refers to the Guidelines prior to any amendments. The trial court and the probation officer should have used the Sentencing Guidelines in effect on April 5, 1990, the date of Parks' sentencing. *See* 18 U.S.C. § 3553(a)(4), (5) (1988) (courts should apply the Guidelines and policy statements issued by the Sentencing Commission in effect on the date of sentencing). On April 5, 1990, the Guidelines had been amended. In this opinion, all references are to the Sentencing Guidelines in effect on the date of Parks' sentencing, except references to the district court's use of the Guidelines. There we refer to the Sentencing Guidelines used by the district court.

**2.** Because it considered pre-Guideline conduct, the district court found a total offense level of 17. The court reached the offense level by using a base offense level of 4 (U.S.S.G. § 2B1.1(a)) increased by 2 more levels for more than minimal planning (*Id.* § 2B1.1(b)(4)) and by 2 more levels for abusing a position of public trust (*Id.* § 3B1.3). The district court then used the total sum embezzled, $280,000, to enhance the offense level by 9. *Id.* § 2B1.1(b)(1)(J). Because Parks had a criminal history category level of I, the sentencing range for her offense based on a level of 17 was twenty-four to thirty months. *Id.* ch. 5, pt. A, at 5.2.

If the district court had based its calculations solely on the amount embezzled after November 1, 1987, i.e. $25,500, the Guidelines offense level would only have been enhanced by 6 (*Id.* § 2B1.1(b)(1)(G)), instead of 9. Because all the other factors contributing to the offense level would remain constant, Parks' total offense level would have been 14. An offense level of 14 has a sentencing range of fifteen to twenty-one months. *Id.* ch. 5, pt. A, at 5.2.

25 through 27. Since the court ordered that the sentence imposed on the Guideline counts run consecutively to the sentence imposed on the pre-Guideline counts, a total sentence of ninety months was given.

Parks appeals her sentences on the ground that the district court misapplied the Guidelines in imposing consecutive sentences for her pre-Guideline and Guideline offenses.

DISCUSSION

■ Parks' sentence must be upheld unless she demonstrates that it was imposed in violation of the law, was imposed because of an incorrect application of the Guidelines, or is outside the range of applicable Guidelines and is unreasonable. *United States v. Goodman*, 914 F.2d 696, 697 (5th Cir.1990); 18 U.S.C.A. § 3742(f) (West Supp.1990). Furthermore, we accept findings of fact unless they are clearly erroneous, and we must also give due deference to the sentencing court's application of the Guidelines to the facts. *United States v. Ebertowski*, 896 F.2d 906, 907 (5th Cir.1990); *United States v. Woolford*, 896 F.2d 99, 103–04 (5th Cir.1990); 18 U.S.C.A. § 3742(d) (West Supp.1990).[3]

■ Parks argues that the district court improperly used pre-Guideline conduct in arriving at the level to be attributed to post-Guideline offenses. The pre-Guideline and Guideline sentences, she asserts, were required to run concurrently or she and other defendants similarly situated would be subjected to double punishment and an improper overall sentence in violation of the Sentencing Guidelines.

■ Although district courts often do order concurrent sentences for defendants in Parks' situation, we conclude that the Guidelines do not require that result and that the district court here did not err in applying the Guidelines to Parks. We recognize that due deference is afforded to the district court's application of the Sentencing Guidelines. We hold that it is with-

in the district court's discretion to order consecutive sentences for pre-Guideline and Guideline convictions even if it uses pre-Guideline conduct in arriving at the Guideline offense level.

Had Parks committed all of her crimes after November 1, 1987, all counts would have come under the Sentencing Reform Act and would have been subject to the Act's policies and the Sentencing Guidelines. As to the determination of the proper sentencing range in this situation, U.S.S.G. § 3D1.2(b) provides for grouping or merging all of the counts together because they are all related. Then to determine the "total punishment," or the sentences to be imposed by the district court, district courts must turn to U.S.S.G. § 5G1.2(d) when sentencing on multiple counts. Section 5G1.2(d) provides:

> If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment. In all other respects sentences on all counts shall run concurrently, except to the extent otherwise required by law.

Thus, if U.S.S.G. § 5G1.2(d) applied to all of Parks' convictions, the district court would ordinarily order that the sentences for Parks' multiple convictions all run concurrently. The district court could, however, decide that such sentences would not be a proper "total punishment" for her crime. If this decision is made, the district court could order consecutive sentences only to the extent that the sentences equaled what the district court concluded the "total punishment" for Parks' crimes should be.

In Parks' situation counts 25 through 27 are the only counts subject to the Sentencing Guidelines and the dictates of the Sen-

---

**3.** 18 U.S.C.A. § 3742(d) (West Supp.1990) directs that the Courts of Appeals

> shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact

of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts.

tencing Reform Act. These three counts are as far as the Guidelines can reach in their requirements. Thus, we must turn to two other principles in evaluating Parks' sentence.

■ First, it is clear that pre-Guideline conduct may be considered in arriving at the Guideline offense level. The Guidelines state that in determining the seriousness of an offense, all conduct, circumstances, and injuries relevant to the offense of conviction shall be taken into account. When the Guidelines require grouping under § 3D1.2(d), as we have here, the Guidelines further define "conduct and circumstances relevant to the offense of conviction" as "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). In addition, we have specifically held that " '[r]elevant conduct for offenses subject to the guidelines is to be determined without regard to the November 1 implementation date.' " *United States v. Garcia,* 903 F.2d 1022, 1025 n. 5 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 364, 112 L.Ed.2d 327 (1990) (quoting U.S. Sentencing Comm'n, *Questions Most Frequently Asked About the Sentencing Guidelines* 4 (3d ed. Mar. 1990)); *see also United States v. Watford,* 894 F.2d 665, 668 n. 2 (4th Cir.1990).

■ Second, district courts have broad discretion in deciding whether sentences should run concurrently or consecutively. *See United States v. Tucker,* 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972) (judges have almost complete discretion in fashioning a pre-Guideline sentence); *United States v. Helms,* 897 F.2d 1293, 1299 (5th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 257, 112 L.Ed.2d 215 (1990) (upholding consecutive sentences on pre-Guideline counts and emphasizing that "[t]he district court has broad discretion in sentencing determinations"); 18 U.S.C. § 3584 (1988) (affording the sentencing judge discretion to determine whether Guideline sentences should run concurrently or consecutively, except when a defendant is convicted for both an attempt and an offense "that was the sole objective of the attempt"). Con-

gress, however, does require that district courts consider the Guidelines and policy statements issued by the Sentencing Commission when deciding whether Guideline sentences should run concurrently or consecutively. *See* 18 U.S.C. § 3584(b) (1988). For example, courts must turn to U.S.S.G. § 5G1.2(d), quoted above, for the appropriate procedure in determining what the total punishment should be when sentencing on multiple related counts.

We have recently held in a case establishing controlling authority that sentences upon counts to which the Guidelines are applicable may run consecutively to sentences which are pre-Guideline. *Garcia,* 903 F.2d at 1025. The *Garcia* case, however, does not resolve the final question whether sentencing courts may impose consecutive sentences for pre-Guideline and Guideline convictions when the court considers pre-Guideline conduct in determining the sentencing range for the Guideline offense. In *Garcia* the pre-Guideline offense was not used to enhance the total offense level for the Guideline offense. The two offenses—obstructing justice and filing false income tax returns—could not be aggregated because they were not related offenses. 903 F.2d at 1024. On the other hand, Parks' pre-Guideline and Guideline counts were aggregated in determining the proper sentencing range.

The Fourth Circuit, in an opinion by Judge William Wilkins, Chairman of the United States Sentencing Commission, has addressed the issue. *United States v. Watford,* 894 F.2d 665, 669 (4th Cir.1990). In *Watford,* the defendants were convicted on both pre-Guideline and Guideline counts. The substantive mail fraud counts occurred before November 1, 1987, but the conspiracy counts encompassed conduct that occurred before and after that date. The district court ordered that both the sentences for the conspiracy counts and the mail fraud counts run consecutively. The Fourth Circuit affirmed. It reasoned it could reverse a district court sentence only if it (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the Guidelines; (3) unreason-

ably departed from the Guidelines range; or (4) was imposed for an offense for which there is no applicable sentencing Guideline and is plainly unreasonable. *Id.* at 670. The Court then found that "the guidelines sentences for conspiracy violated none of these prohibitions." *Id.*

The Court in *Watford* went on to summarize the applicable law succinctly: "[N]othing in the guidelines or the Sentencing Reform Act precludes the court from ordering that a sentence imposed on a pre-guidelines count be served consecutively to a sentence imposed on a guidelines count." *Watford,* 894 F.2d at 669. The differences in the nature of pre-Guideline sentences and Guideline sentences were made the basis of further comment in *Watford* because of the elimination of the concept of parole in Guideline sentencing.[4] The Court said: "We cannot say that the court's use of its concurrent/consecutive authority to fashion what it considered an appropriate sentence, taking into account the difference between pre-guideline sentences for which parole is available and guideline sentences for which it is not, was erroneous." *Watford,* 894 F.2d at 670.

■ The fundamental differences in pre-Guideline sentencing and Guideline sentencing thus make clear that as long as the Sentencing Guidelines are followed as to the offenses covered by them, it rests virtually in the unrestricted discretion of the sentencing judge to relate those sentences to the pre-Guideline sentences where, short of exceeding the statutory maximum, the judge was free to decide whether the sentences should be concurrent or consecutive, the role that parole might play, the related

criminal activity not covered by the indictment which would be taken into account, as well as all of the personal factors relating to the person being sentenced.

■ We do recognize, however, that district courts must take particular care when imposing consecutive sentences on defendants in Parks' circumstances. Normally, in applying the Guidelines, the section that requires grouping of counts to mitigate a sentence (U.S.S.G. § 3D1.2) must work together with the section that authorizes enhancing the sentence on the grouped counts by combining the total amount of money stolen, *i.e.,* U.S.S.G. § 2B1.1.

In addition, district courts need to heed an advisory by the United States Sentencing Commission, quoted in *Garcia.* The advisory suggests that defendants in Parks' situation should usually receive concurrent sentences. The advisory states in part:

"Relevant conduct for offenses subject to the guidelines is to be determined without regard to the November 1 implementation date. If the relevant conduct for an offense committed on or after November 1, 1987, overlaps with conduct sanctioned as part of a pre-November 1 count, there would be a potential for *double counting unless the pre-guideline counts were sentenced concurrently.* The court will have to carefully fashion the sentence with these concerns in mind."

903 F.2d at 1025 n. 5 (quoting U.S. Sentencing Comm'n, *Questions Most Frequently Asked About the Sentencing Guidelines* 4 (3d ed. Mar. 1990)) (emphasis added); *see also Watford,* 894 F.2d at 669–70.[5] But

---

4. The Sentencing Reform Act abolished parole for Guideline offenses and abolished the United States Parole Commission effective five years after November 1, 1987. *See United States v. R.L.C.,* 915 F.2d 320, 324 (8th Cir.1990); *Skowronek v. Brennan,* 896 F.2d 264, 266 (7th Cir. 1990); 18 U.S.C. § 3551 (1988). Under the Guidelines, however, a court may "modify a term of imprisonment once it has been imposed" if the court finds "that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)

(1988). A prisoner may still earn good time credits. 18 U.S.C. § 3624(b) (1988).

5. Judge Wilkins also noted the problem of "double counting" in *Watford:*

[I]t would have been more in keeping with the intent of the [Sentencing Reform Act] and the sentencing guidelines to ... impose a sentence on the [Guideline] conspiracy count [which encompassed both pre-Guideline and Guideline conduct] consecutively only to the extent necessary to provide an incremental increase in punishment for that portion of the total criminal activity not included and pun-

74

the advisory quoted in *Garcia* does not require that we reverse Parks' sentence. The Guidelines and the advisory still afford the district court discretion in imposing consecutive sentences on defendants comparable to Parks. The advisory sets out no absolute rule.

The district court's decision to impose consecutive sentences is entitled to due deference. The court did not improperly apply the Guidelines. The judge had the defendant before him, and had the responsibility to determine the proper amount of punishment. In giving due deference to the district court's sentence, we find the sentence well within outer statutory limits and not significantly excessive under the Guidelines. The court had the broadest of discretion in determining whether the sentences were to be concurrent or consecutive and it had the right to invoke the thoroughly established principle that related criminal conduct can be taken into account in sentencing. We affirm.

AFFIRMED.

ished in the sentence on the [pre-Guideline] substantive counts.

894 F.2d at 669–70 (quoted with approval in *Garcia,* 903 F.2d at 1025).