927 F.2d 607
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Leonard Michael STANGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3026.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.
Decided Feb. 27, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 89 C 244, Allen Sharp, Chief Judge.
 N.D.Ind.
 AFFIRMED.
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner Leonard Stange appeals from the district court's order denying his petition for habeas corpus pursuant to 28 U.S.C. Sec. 2255. His claim, although dressed in various constitutional arguments, is that the Sentencing Guidelines should have controlled his sentence even though his various offenses occurred before the effective date of the Guidelines.
 
 
 2
 On November 16, 1985, a jury found Stange guilty of various charges stemming from a chop-shop operation he helped operate. Due to an incident which occurred during the first trial, Stange was also found guilty in a subsequent trial of witness intimidation for threatening to kill his wife who had testified as a government witness. Judge Sharp sentenced Stange to twenty-eight years in prison for all the offenses and this court affirmed the conviction. United States v. Shoffner, 826 F.2d 619 (7th Cir.), cert. denied, 484 U.S. 958 (1987). Stange then filed this petition for habeas corpus.
 
 
 3
 Beginning with United States v. Stewart, 865 F.2d 115 (7th Cir.1988), this court has consistently held that the Guidelines are inapplicable to offenses occurring before November 1, 1987, the effective date of Sentencing Reform Act. United States v. Paiz, 905 F.2d 1014, 1030 (7th Cir.1990); United States v. George, 891 F.2d 140, 143 (7th Cir.1989); United States v. Adamo, 882 F.2d 1218, 1232 (7th Cir.1989). "Congress' clear intent was, in fact, that the [Act] not apply retroactively." Stewart, 865 F.2d at 118 (emphasis in original). We stand by these decisions. Stange's offenses occurred at least two years before November 1, 1987 and therefore the Guidelines do not apply.
 
 
 4
 Stange attempts to make an end run around these cases by arguing that failure to apply the Guidelines retroactively violates due process, equal protection, and the Eighth Amendment. The Fifth Circuit rejected the due process argument in United States v. King, 895 F.2d 205 (1990), stating "there is absolutely no constitutional authority for the proposition that the perpetrator of a crime can claim the benefit of a later enacted statute which lessens the culpability level of that crime after it was committed." The same can be said for the equal protection argument, particularly in light of the differences in parole and good time credits for pre- and post-Guideline sentences. Stange's Eighth Amendment argument is an even tougher sell. His sentence is not so disproportionate to the gravity of his conduct--running a chop shop and threatening to murder his wife--that it violates the loose principles of proportionality that courts have found in the Eighth Amendment's prohibition of cruel and unusual punishments. Cf. Hutto v. Davis, 454 U.S. 370, 102 S.Ct. 703 (1982).
 
 
 5
 The denial of the petition for habeas corpus is
 
 
 6
 AFFIRMED.