**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 91-7364

United States of America,

Plaintiff-Appellee,

VERSUS

Ellis Jake Gross,

Defendant-Appellant.

Appeals from the United States District Court
For the Northern District of Texas

(December 9, 1992)

Before BROWN, GARWOOD, and DeMOSS, Circuit Judges.

DeMoss, Circuit Judge:

The defendant pled guilty to bank robbery and making a false statement to a firearm dealer. The district court sentenced the defendant to 84 and 60 months respectively for the bank robbery and the false statement, and ordered those sentences to run concurrently for a total sentence of 84 months. The USDC, however, ordered the sentences in the present case to run consecutively to a prior undischarged 110-month sentence. Because we hold that the court committed plain error in running the current sentences consecutively to the prior sentence, we vacate these sentences and remand for resentencing.

I.   FACTS and PROCEDURAL HISTORY

Jake Ellis Gross (Gross) committed two crimes in Fort Worth, Texas.  On February 18, 1988 Gross made a false statement to a licensed firearm dealer and on October 30, 1989 he robbed the Blue Bonnet Savings Bank.  A few days later, Gross traveled to Chicago where he robbed the Century State Bank.  The FBI[1] arrested him that same day.  Gross pled guilty to the Chicago bank robbery in the United States District Court for the Northern District of Illinois on July, 30, 1990 and the court gave him a 110-month sentence.  Immediately after that, Gross began serving his sentence at the United States Penitentiary in Leavenworth, Kansas.

On August 8, 1991, the government filed a writ of habeas corpus ad prosequendum requesting that Gross be brought from the penitentiary in Leavenworth to stand trial in the United States District Court for the Northern District of Texas (USDC) for the two crimes that he had committed in Fort Worth.  Gross was brought to Texas where he pled guilty both to bank robbery in violation of 18 U.S.C. § 2113(a) and to making a false statement to a licensed firearm dealer in violation of 18 U.S.C. § 922(a)(6).  On November 15, 1991, the USDC gave Gross a sentence of 84 months for the bank robbery and a concurrent sentence of 60 months for making the false statement to a firearm dealer for an effective sentence of 84 months.[2]  The USDC, however, ordered the sentences in the present

_____

[1]  Federal Bureau of Investigation.

[2]  The USDC also sentenced Gross to 3 years of supervised release.

2

case to run consecutively to the 110-month sentence that Gross was serving for the Chicago bank robbery.[3] Gross appeals the USDC's decision to run consecutively his sentences in the present case to his unexpired 110-month sentence.

## II. DISCUSSION

1. Application of § 5G1.3 of the Guidelines

Gross contends that the USDC erred in applying an outdated version of the guidelines and consequently ordering his sentences to run consecutively. In sentencing Gross, the USDC applied § 5G1.3 of the guidelines; but did not notice that this guideline had in fact been amended to be effective fifteen days before the USDC sentenced Gross. As amended § 5G1.3(b) stated:

> if the prior undischarged term of imprisonment resulted from a federal offense and was imposed pursuant to the Sentencing Reform Act, the sentence for the instant offense shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all the sentences been imposed at the same time.

Guidelines, § 5G1.3(b) (November 1, 1991).

Before its amendment, however, § 5G1.3 did not address whether defendants in a case, such as the present case, were to have their sentences run concurrently or consecutively.[4] The commentary to §

---

[3] This left Gross with an overall total sentence of 194 months (110 months for the Chicago bank robbery + 84 months for the two Fort Worth crimes).

[4] Then, § 5G1.3 stated:
[i]f the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status), the sentence for the instant offense shall be imposed to run consecutively to the unexpired term of imprisonment.

3

5G1.3, however, stated that the USDC had the discretion to order a defendant's sentences in a case such as the present case to run concurrently or consecutively.  The commentary to § 5G1.3 stated:

> [w]here the defendant is serving an unexpired term of imprisonment, but did not commit the instant offense while serving that term of imprisonment, the sentence for the instant offense may be imposed to run consecutively or concurrently with the unexpired term of imprisonment.

Commentary to Guidelines, § 5G1.3 (November 1, 1990).

Gross contends, and rightly so, that this court must apply the version of the guidelines effective at the time of sentencing.  See 18 U.S.C. § 3553(a)(4)[5]; United States v. Brown, 920 F.2d 1212, 1216 (5th Cir.), cert. denied, ___ U.S. ___, 111 S.Ct. 2034, 114 L.Ed.2d 119 (1991) ("Baring any ex post facto concerns, a district court must consider only the guidelines and policy statements that are in effect on the date the defendant is sentenced, not on the date the crime was committed.").  Gross was sentenced November 15, 1991 and therefore the USDC should have applied to Gross the

---

Guidelines, § 5G1.3 (November 1, 1990).

[5]  18 U.S.C. § 3553(a)(4) states:

> (a) [t]he court, in determining the particular sentence to be imposed, shall consider. . .
> (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . that are in effect on the date the defendant is sentenced;
> (5) any pertinent policy statement issued by the Sentencing Commission. . . that is in effect on the date the defendant is sentenced.

4

version of § 5G1.3 effective November 1, 1991. As noted, that version of § 5G1.3 required that the court sentence Gross so that his sentence would "result in a combined sentence equal to the total punishment that would have been imposed under § 5G1.2 . . . had all the sentences been imposed at the same time."[6] The USDC did not sentence Gross in that way, but instead erroneously applied an outdated version of § 5G1.3 in ordering Gross's sentences to run consecutively.

A. Applicability of 18 U.S.C. § 3584(a)

The government contends that the USDC sentenced Gross properly because no matter the requirements of § 5G1.3, 18 U.S.C. § 3584(a) gave the USDC the discretion to order Gross's sentences to run consecutively. 18 U.S.C. § 3584(a) states that "[i]f multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run consecutively or concurrently. . . ." According to the government, 18 U.S.C. § 3584(a) gave the USDC the discretion to order Gross's sentences to run consecutively, and the requirements of § 5G1.3 of the guidelines could not impede that discretion.

In United States v. Miller, 903 F.2d 341 (5th Cir. 1990), this court addressed the apparent tension between § 5G1.3 and 18 U.S.C.

_____

[6] We find and the government concedes that Gross fit within the criteria of § 5G1.3(b)--(1) he was serving a prior undischarged term of imprisonment imposed under the guidelines for the federal offense of bank robbery, and (2) § 5G1.3(a) did not apply because he committed the present offense (i) before he was sentenced and (ii) before he began serving his sentence for the Chicago bank robbery.

5

§ 3584(a), although under a different version of the guidelines. In Miller, the defendant, who had previously been convicted and was then serving a sentence for bank robbery in Arizona, pled guilty in Texas to six additional bank robberies. At sentencing, the court ordered the defendant's sentence for the six bank robberies to run consecutively to his undischarged sentence for the prior Arizona bank robbery. On appeal, the defendant contended that the court erred in ordering his sentences to run consecutively because § 5G1.3's apparent obligation on the court to impose consecutive sentences could not be valid considering the discretion to impose consecutive or concurrent sentences vested in the court by 18 U.S.C. § 3584(a). Then, the effective version of § 5G1.3 stated:

> [i]f at the time of sentencing, the defendant is already serving one or more unexpired sentences, then the sentences for the instant offense(s) shall run consecutively to such unexpired sentences, unless one or more of the instant offense(s) arose out of the same transactions or occurrences as the unexpired sentences.

This court rejected the defendant's contention, holding that § 5G1.3 was a proper restraint on the discretion in 18 U.S.C. § 3584(a) because under § 5G1.3 the court retained some discretion in its power to depart from the guidelines.

This court's holding in Miller applies with equal force to the present case. In the present case, just as in Miller, the USDC had the discretion to depart from the guidelines with the only distinction being that in Miller the issue was the ability of the USDC to depart downward, whereas in the present case the issue is the ability of the USDC to depart upward. For our purposes that

distinction is not meaningful and therefore we hold that the grant of discretion in 18 U.S.C. § 3584(a), as applied to the requirements of the effective version of § 5G1.3, can only be exercised through the vehicle of departure from the guidelines. Put another way, § 5G1.3(b)'s requirement that Gross's sentence "shall be imposed to result in a combined sentence equal to the total punishment that would have been imposed . . . had all the sentences been imposed at the same time" was curtailed only by the discretion of the USDC to depart from the guidelines. In the present case, both parties agree and it is evident from the record that the USDC did not depart upward from the guidelines, and thus the USDC erred in ordering Gross's sentences to run consecutively.

B. Plain Error

Even if the USDC erred in applying an outdated version of the guidelines, the government contends that this court should not vacate the sentence and remand for sentencing because Gross did not object to the presentence report or the USDC's order at the sentencing hearing that his sentences run consecutively.[7] If a defendant fails to object to his sentence, this court will reverse his sentence only upon a finding of plain error. United States v. Ebertowski, 896 F.2d 906 (5th Cir. 1990). "To constitute plain error, the error must have been so fundamental as to have resulted in a miscarriage of justice." Ebertowski, at 907 (quoting United

_____

[7] Gross concedes that he did not object to his sentence, however, he points out that he submitted to the USDC a memorandum in aid of sentencing that asserted that his sentences should run concurrently.

7

States v. Yamin, 868 F.2d 130, 132 (5th Cir.), cert. denied, 492 U.S. 924, 109 S.Ct. 3258, 106 L.Ed.2d 603 (1989). This court cannot review issues raised for the first time on appeal unless they involve purely legal questions and our failure to consider them would result in manifest injustice.  United States v. Garcia-Pillado, 898 F.2d 36, 39 (5th Cir. 1990).

As demanding as the burden required of Gross under the plain error standard is, we are convinced that the USDC's error in incorrectly applying the guidelines was sufficient to meet that standard.  In sentencing Gross, the USDC applied an outdated version of the guidelines that resulted in Gross receiving a substantially longer sentence than he would have if the USDC had used the version of the guidelines then applicable.[8]  Application of the guidelines by the USDC is a question of law and undoubtedly, in the present case, the mistake of law committed by the USDC in applying an outdated version of the guidelines resulted in manifest injustice.  Therefore, we reject the government's contention that we should not vacate Gross's sentence and remand for resentencing because we hold that the USDC committed plain error in ordering Gross's sentences to run consecutively.

---

[8]  Gross contends that if the USDC had sentenced him according to the 1991 version of § 5G1.3(b), and consequently under § 5G1.2 (Sentencing on Multiple Counts of Conviction), he would have had an offense level of 27 with a criminal history category of V and received a sentence of 120-150 months.  That figure is based on an offense level of 25 contained in the presentence report prepared for the Chicago bank robbery plus a two level increase pursuant to § 3D1.4.

Additionally, we acknowledge that § 5G1.3 has been again amended to be effective on November 1, 1992 so that when Gross is resentenced the 1992 version of § 5G1.3 will be in effect. In the 1992 version of § 5G1.3, subsection (b) has been deleted. Subsection (c), however, has not been changed and states that "the sentence for the instant offense shall be imposed to run consecutively to the prior undischarged term of imprisonment to the extent necessary to achieve a reasonable incremental punishment for the instant offense." Subsection (c) of the 1992 version would control Gross's resentencing on remand; but the application thereof could result in an increase in Gross's sentence.[9] Gross should not be prejudiced by the USDC's error in incorrectly applying the then applicable guidelines at sentencing. Because Gross's sentence could be increased under the amended version of § 5G1.3, we instruct the USDC on remand to resentence Gross under the 1991 version of § 5G1.3.

---

[9] We realize that the commentary to the 1992 version § 5G1.3(c) states "[t]o the extent practicable, the court should consider a reasonable incremental penalty to be a sentence for the instant offense that results in a combined sentence of imprisonment that approximates the total punishment that would have been imposed under § 5G1.2 (Sentencing on Multiple Counts of Conviction) had all of the offenses been federal offenses for which sentences were being imposed at the same time." It is possible therefore that on remand Gross would receive the same sentence whether the 1991 or the 1992 version of § 5G1.3 were applied. However, because there is also a possibility that Gross could receive an increase in his sentence as a result of applying the 1992 version, we order the USDC to resentence Gross in accordance with the 1991 version of § 5G1.3.

9

III. CONCLUSION

For the reasons stated above, the sentence of the USDC is VACATED and the case is REMANDED with orders for the USDC to resentence the defendant according to the 1991 version of § 5G1.3 of the guidelines.