993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Edward STEVENS, Defendant-Appellant (Nine Cases).
 Nos. 90-50192 to 90-50194, 90-50198, 90-50201, 90-50205 to 90-50208.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1993.*
Decided May 17, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH,** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 John Edward Stevens appeals his jury conviction for bank robbery, use of a dangerous weapon and carrying a firearm during a crime of violence. Stevens also appeals from the combined sentences totaling 562 months he received for his trial convictions and eight subsequent guilty plea convictions (arising from charges of armed and unarmed bank robbery in other jurisdictions). We affirm the convictions and sentences imposed in this case.
 
 
 3
 Stevens argues the district court improperly provided the jury with extrinsic evidence and improperly reopened the case by allowing the jury to approach the defense table to view Stevens during deliberations. The district court's decision to allow the jury to view Stevens during deliberations is reviewed for abuse of discretion. United States v. Rincon, 984 F.2d 1003, 1007 (9th Cir.1993), petition for cert. filed (U.S. April 22, 1993) (No. 92-8439).
 
 
 4
 Without any objection from Stevens, two victim bank teller witnesses left the witness stand to take a closer look at Stevens during their testimony, both stating they needed to get closer to see a scar on Stevens' forehead. Both the fact that Stevens had a scar and that it could not be seen from across the courtroom were therefore established at trial. As in Rincon, the jury was merely reviewing evidence already presented during the trial and the district court did not abuse its discretion in allowing the jury to view Stevens. See id. at 1008.
 
 
 5
 Stevens next argues the district court erred in denying his motion for a mistrial based on Stevens' claim that an FBI agent sitting at government's counsel table left a "wanted poster" of Stevens exposed on the table in front of the jury. We review the denial of a motion for mistrial for an abuse of discretion. United States v. Homick, 964 F.2d 899, 906 (9th Cir.1992).
 
 
 6
 The record establishes that the jury was questioned about possible exposure to the poster after the district court took the verdict and polled the jury, rather than immediately after the alleged incident. The timing of the questioning of the jury is not grounds for reversal in this case. The record does not demonstrate that any juror saw the wanted poster. Compare Dickson v. Sullivan, 849 F.2d 403 (9th Cir.1988) (conviction reversed because reasonable possibility existed that deputy sheriff's statement to two jurors that defendant "had done something like this before" affected the verdict); United States v. Vasquez, 597 F.2d 192, 194 (9th Cir.1979) (defendant denied due process when case file containing extrinsic evidence was inadvertently left in jury room and was perused by jurors); Gibson v. Clanon, 633 F.2d 851 (9th Cir.1980) (conviction reversed where two jurors consulted encyclopedias regarding certain evidence at trial and shared information with other jurors), cert. denied, 450 U.S. 1035 (1981). Therefore, there is no "reasonable possibility" that the poster could have affected the verdict. Compare Gibson, 633 F.2d at 853.
 
 
 7
 Nor is the substance of the district court's questions to the jury grounds for reversal. The transcript demonstrates that the jurors were not simply asked if they had seen anything "unusual" on counsel table on the day in question. The court's questioning of the jury provided sufficient information to warrant denial of Stevens' mistrial motion.
 
 
 8
 Stevens was denied a two-level reduction for acceptance of responsibility in the case that went to trial, but was given the reduction in the sentencing guidelines cases that were resolved by guilty pleas. "Whether a defendant has accepted responsibility for a crime is a question of fact which this court reviews for clear error." United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 
 9
 Contrary to Stevens' assertion, the fact that he received the reduction in the "guilty plea" cases, but was not given the reduction in the case that went to trial, does not mean he was penalized for going to trial or for exercising his Fifth Amendment privilege pending appeal. A defendant who pleads guilty will not necessarily receive the two-level reduction. United States v. Morales, 972 F.2d 1007, 1010 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); U.S.S.G. § 3E1.1, comment. (n. 3). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," U.S.S.G. § 3E1.1, comment. (n. 5), and because Stevens has done nothing more than assume that the district court relied on impermissible bases for rejecting the two-level reduction, we reject his claim of error.
 
 
 10
 Finally, we consider whether the district court abused its discretion in sentencing Stevens to consecutive sentences. The district court ordered all of the "pre-guidelines" cases to run concurrently (20 years or 240 months), all of the "sentencing guidelines" cases to run concurrently (322 months), and the two groups of sentences to run consecutively. Stevens contends that U.S.S.G. § 5G1.2(c) requires the two groups of sentences to run concurrently because the statutory maximum of 300 months for violation of 18 U.S.C. § 2113(a), (d) is adequate to achieve total punishment.
 
 
 11
 Section 5G1.2(c) does not preclude the district court's exercise of discretion in ordering that a pre-guidelines sentence be served consecutively to a guidelines sentence. See United States v. Scarano, 975 F.2d 580, 586 (9th Cir.1992), citing United States v. Watford, 894 F.2d 665, 669 (4th Cir.1990); United States v. Lincoln, 925 F.2d 255, 256-57 (8th Cir.), cert. denied, 111 S.Ct. 2838 (1991); United States v. Garcia, 903 F.2d 1022, 1024-26 (5th Cir.), cert. denied, 498 U.S. 948 (1990).
 
 
 12
 In imposing the consecutive sentences, the district court explained:
 
 
 13
 I am going to impose consecutive sentences to some extent. I have been a judge of this court now for ten years. I think this is the worst bank robbery case I have seen. I don't see any sign that it's going to let up.
 
 
 14
 * * *
 
 
 15
 And I don't see anything except that consecutive sentence is proper in this case solely for the protection of society. That's the intent, and that's why I am going to impose a [consecutive] sentence.
 
 
 16
 The district court properly considered relevant factors contained in 18 U.S.C. § 3553(a)(1), (2) and exercised informed discretion in imposing consecutive sentences for the pre-guidelines and guidelines cases. We will not disturb the district court's decision.
 
 CONCLUSION
 
 17
 The district court did not abuse its discretion by allowing the jury to view Stevens during its deliberations or by denying Stevens' motion for a mistrial. There was no error in the sentencing of Stevens: the district court was well within its discretion in denying the acceptance of responsibility reduction in case that went to trial, and in ordering that the sentences in the pre-Guidelines and Guidelines cases be served consecutively.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Richard F. Suhrheinrich, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3