IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41075
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK D. CONNOR,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CR-6-1
- - - - - - - - - - -
December 9, 1997

Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Mark D. Connor appeals his conviction and sentence in a guilty-plea conviction for one count of failure to pay income tax, a violation of 26 U.S.C. § 7201. He argues that his guilty plea was involuntarily given because the prosecutor refused to accept any plea other than guilty, that the district court erred in failing to grant or enforce his discovery motions, and that venue was improper. He further argues that the district court erred in failing to consider or grant a downward departure

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 5K2.10 or § 5K2.11, and that it was error to calculate base tax loss based on years outside any applicable statute of limitations for conviction.

Having carefully reviewed the record and the parties briefs, we find that Connor voluntarily and intelligently agreed, pursuant to a plea agreement, to plead guilty. *See United States v. Henry*, 113 F.3d 37, 40 (5th Cir. 1997). An unconditional guilty plea, made knowingly, voluntarily, and with the benefit of competent counsel, functionally waives all non-jurisdictional defects that occurred during pre-plea proceedings. *United States v. Jackson*, 659 F.2d 73 (5th Cir. 1981); *United States v. Taylor*, 814 F.2d 172, 174 (5th Cir. 1987). Moreover, in the plea agreement, Connor voluntarily agreed to waive his statutory right to appeal, as well as associated constitutional rights, thus he has waived his right to appeal any errors regarding discovery or venue. Accordingly those issues are DISMISSED. *See United States v. Melancon*, 972 F.2d 566, 567-86 (5th Cir. 1992); *United States v. Price*, 95 F.3d 364, 369 (5th Cir. 1996).

With regards to sentencing issues, the application of departures pursuant to U.S.S.G. §§ 5K2.10 and 5K2.11 would have been inappropriate as the offense of conviction was a non-violent offense based on the defendant's belief that the government's policies were misguided, therefore it was not plain error for the district court not to consider them. *See* U.S.S.G. § 5K2.10, § 5K2.11. See *also United States v. Olano*, 507 U.S. 725, 732-36

(1993); *United States v. Ebertowski*, 896 F.2d 906, 907 (5th Cir. 1990).

In determining the total tax loss attributable to the offense, all conduct violating the tax laws should be considered where it is part of the same course of conduct showing a continuing pattern of violations of the tax laws. U.S.S.G. § 2T1.1, comment. (n.2). As there is no separate statute of limitations under the Sentencing Guidelines beyond which relevant conduct becomes irrelevant, it was not plain error for the district court to calculate tax loss for sentencing purposes based on Connor's failure to pay taxes for the years 1984-1994, inclusive. *See United States v. Vital*, 68 F.3d 114, 118 (5th Cir. 1995); *United States v. Powell*, 124 F.3d 655, 664 (5th Cir. 1997).

AFFIRMED.