47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernard MARTIN (94-3236); Terrone Dwayne Reavish (94-3237);
Larry Traylor (94-3238); Kevin Israel (94-3351),
Defendants-Appellants.
 Nos. 94-3237, 94-3238, 94-3351.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this criminal appeal, defendants challenge their convictions and sentences. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On March 24, 1993, at approximately 10 p.m., Detectives Tim Haley and Enoch White, undercover detectives with the Columbus Police Department, Narcotics Unit, along with a cooperating individual ("CI"), made a controlled purchase of cocaine base at the residence of Sanver Hanks. Haley paid $1100 for one ounce, or 26.1 grams of cocaine base. Defendant Terrone Dwayne Reavish counted the money and defendant Bernard Martin handed over the cocaine. Reavish, Martin and defendant Larry Traylor all held guns on Haley and the CI while the transaction occurred.
 
 
 3
 Around 1 a.m. the morning of the 25th, officers from the Columbus Police Department executed a search warrant at Hanks' residence. The officers seized a fully-loaded Hi Point .9mm pistol, a fully-loaded .357 revolver, a fully-loaded semi-automatic .9mm pistol, 41 rounds of .9mm ammunition, 43 rounds of .357 magnum ammunition, a digital scale, $3144 in cash, $1100 of which was the prerecorded city funds, a bag containing 63 grams of cocaine base, and a package containing 39.6 grams of cocaine base.
 
 
 4
 Defendants were charged and convicted as follows: all four defendants with conspiracy to distribute more than 5 grams of cocaine base and to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(iii) (Count 1); Martin, Reavish, and Traylor with distributing more than 5 grams of cocaine base, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(iii) (Count 2); Martin, Reavish, and Traylor with using firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c) (Count 3); Martin, Reavish, Israel and Hanks with possession with intent to distribute more than 50 grams of cocaine base, in violations of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. Sec. 2 (Count 4).
 
 II.
 A.
 
 5
 Defendants challenge the general search of Hanks' residence. The district court denied defendants' motion to suppress on the grounds that defendants lacked standing. We disagree. Hanks, who testified for the government, stated that Israel paid roughly $50 dollars a day to "stay" at Hanks' house, which included sleeping over. (J.A. 236.) Hanks also indicated that Martin, Traylor and Reavish resided at the house and also stayed over night. (J.A. 236, 243.) As overnight guests, defendants had a legitimate expectation of privacy in Hanks' house. Minnesota v. Olson, 495 U.S. 91 (1990).
 
 
 6
 This does not mean, however, that the evidence should have been suppressed. The supporting affidavit provided sufficient facts for a general search of any person in the residence. The affiant, Detective White, attested that, on the basis of Haley's personal observations, there was cause to believe that "illegal sales are completed with more than one (1) person present on the premises and that drugs, drug monies or other contraband may be concealed or transferred to any person inside the premises prior to the police entering." (J.A. 94.) Independently, the officers' were entitled to frisk Reavish because they had a reasonable belief that he was armed and dangerous. Michigan v. Long, 463 U.S. 1032, 1047 (1983).
 
 
 7
 The affidavit was also sufficient to warrant a nighttime search under state and federal statutory and constitutional standards. White stated that authorization for a nighttime search was necessary as "[t]he cover of darkness will allow the officers executing the warrant to approach the premises undetected. Thus, there will be less chance for the occupants to conceal or destroy the drugs." (J.A. 93.) This constitutes "reasonable cause" under Fed.R.Crim.P. 41(c)(1); Ohio Crim.R. 41(C). United States v. Smith, 941 F.2d 1210, Nos. 90-4041, 90-4062, 1991 WL 158699, at * 7 (6th Cir. Aug. 19, 1991) (unpublished). See generally United States v. Searp, 586 F.2d 1117 (6th Cir.1978) (discussing Rule 41(c)), cert. denied, 440 U.S. 921 (1979).
 
 
 8
 Although the district court did not determine whether the officers complied with 18 U.S.C. Sec. 3109, the "knock and announce" rule, the officers nonetheless had "a justified belief that those within [were] aware of their presence and [might be] engaged in escape or the destruction of evidence." United States v. Finch, 998 F.2d 349, 353 (6th Cir.1993) (quoting United States v. Francis, 646 F.2d 251, 257-58 (6th Cir.), cert. denied, 454 U.S. 1082 (1981)). Reavish himself testified that, as he and Israel were about to depart, Israel saw someone with a gun and slammed the door shut. (J.A. 424.) From this, it is a reasonable assumption that the officers knew that defendants were aware of their presence and might attempt to destroy evidence. There is no error.
 
 B.
 
 9
 All four defendants challenge the sufficiency of the evidence to sustain their convictions. We review the record to determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We have thoroughly reviewed the parties' briefs and the joint appendix. We find ample proof in the record to support the convictions of all four defendants.
 
 C.
 
 10
 Defendants Traylor, Reavish, and Israel argue that Count 1 of the indictment is duplicitous. This contention is without merit. A single conspiracy is alleged here, and the events of the evening of March 24 and the early morning hours of March 25 are merely objects of a single continuing scheme. See Braverman v. United States, 317 U.S. 49, 54 (1942); United States v. Cooper, 966 F.2d 936, 939 (5th Cir.), cert. denied, 113 S.Ct. 481 (1992); United States v. Thomas, 774 F.2d 807, 813 (7th Cir.1985), cert. denied, 475 U.S. 1024 (1986). See also United States v. Robinson, 651 F.2d 1188, 1195 (6th Cir.) (where indictment particularized in one count different acts that were part of single scheme, indictment was not duplicitous), cert. denied, 454 U.S. 875 (1981). Moreover, a defendant may be held accountable for acts of coconspirators committed in furtherance of the conspiracy if coconspirators' conduct was reasonably foreseeable. United States v. Phibbs, 999 F.2d 1053, 1064 (6th Cir.1993), cert. denied, 114 S.Ct. 1071 (1994); United States v. Martin, 920 F.2d 345, 348 (6th Cir.1990) (citing Pinkerton v. United States, 328 U.S. 640, 646-47 (1946)), cert. denied, 500 U.S. 926 (1991).
 
 D.
 
 11
 Defendants Martin, Reavish, and Traylor contend that the prosecution had a duty to produce a proffer letter, a plea agreement, and a transcript of Hanks' change-of-plea proceedings in response to their requests for Jencks material. However, defendants obviously possessed the documents, because they used the them during their respective cross-examinations of Hanks. (See J.A. 249, 271 (Israel); J.A. 262, 273 (Martin); J.A. 266-67 (Reavish); J.A. 272 (Traylor).
 
 
 12
 As for the transcript, we agree with those circuits that hold that transcripts, as matters of public record are not within the scope of the Jencks Act. United States v. Isgro, 974 F.2d 1091, 1095 (9th Cir.1992), cert. denied, 113 S.Ct. 1581 (1993); United States v. Harris, 542 F.2d 1283, 1293 (7th Cir.1976), cert. denied, 430 U.S. 934 (1977); United States v. Munroe, 421 F.2d 644, 645 (5th Cir.), cert. denied, 400 U.S. 851 (1970).
 
 E.
 
 13
 Defendant Traylor argues that the district court erred in not allowing Traylor to cross-examine Agent Martinez, who testified to Traylor's confession, about the circumstances of Traylor's confession. We have reviewed the district court's ruling and find it to be in compliance with Crane v. Kentucky, 476 U.S. 683 (1986).
 
 F.
 
 14
 Defendant Martin contends that the district court improperly limited his attempt to cross-examine Detective Haley as to the accuracy of Haley's preparation of the evidence inventory via reference to the inconsistent testimony of Officer Cain. Defendant did not make a record below as to what question he would have asked but for the court's ruling; he therefore has failed to preserve the issue on appeal.
 
 G.
 
 15
 Defendants challenge the sufficiency of the factual basis used in converting the currency to an equivalent drug for sentencing purposes. See U.S.S.G. Sec. 2D1.4, comment. (n. 2); United States v. Walton, 908 F.2d 1289, 1301-02 (6th Cir.), cert. denied, 498 U.S. 989 (1990). The court's general findings regarding the quantity drugs at issue, (see, e.g., J.A. 34-35), establish an "evidentiary connection" between the $2044 and the drug trafficking. The converted amount is be supported by a preponderance of the facts. United States v. Samour, 9 F.3d 531, 537 (6th Cir.1993) (citing United States v. Jackson, 990 F.2d 251, 253 (6th Cir.1993)).
 
 
 16
 Defendant Martin also claims double counting because the district court included the 3 ounces that Martin admitted to selling independently on the afternoon of March 24, 1993 and 53.864 grams, representing the amount of cash ($2044) exclusive of the buy money found during the search. (See J.A. 35.) Martin alleges double counting because there is no evidence that "the money found is not the proceeds of the sale of three ounces."
 
 
 17
 Assuming Martin is correct, his sentence does not change. That is, even if we subtract the 53.864 from the total amount calculated for Martin, 216.65 grams of cocaine base, defendant still receives a base offense level of 34. See U.S.S.G. Sec. 2D1.1(c)(5) (level 34 applies if controlled substance and quantity is "[a]t least 150 G but less than 500 G of Cocaine Base").
 
 H.
 
 18
 Defendants Traylor, Reavish, and Israel all challenge the district court's finding that each defendant was responsible for the total amount of drugs. We have reviewed the district court's findings regarding its conclusions that each defendant was accountable for the total amount of cocaine base involved and conclude that the court adequately addressed foreseeability as well as the scope of the jointly undertaken criminal activity. U.S.S.G. Sec. 1B1.3, comment. (n. 2) (Nov.1992); United States v. Jenkins, 4 F.3d 1338, 1346-47 (6th Cir.1993), cert. denied, 114 S.Ct. 1547 (1994).
 
 I.
 
 19
 Defendants challenge the Sentencing Commission's failure to account for the disparate impact the cocaine base guidelines have on African-American males. This court has held on a number of occasions that the statutory scheme requiring that equates 1 gram of crack with 100 grams of cocaine for sentencing purposes is constitutional. United States v. Lloyd, 10 F.3d 1197, 1220 (6th Cir.1993), cert. denied, 114 S.Ct. 1569 (1994); United States v. Tinker, 985 F.2d 241, 242 (6th Cir.1992), cert. denied, 113 S.Ct. 1872 (1993); United States v. Williams, 962 F.2d 1218, 1227-28 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992); United States v. Pickett, 941 F.2d 411, 419 (6th Cir.1991).
 
 J.
 
 20
 Reavish and Israel each challenge the district court's findings as to their role in the offense. Reavish was denied a 2-level reduction under Sec. 3B1.2 for a minor role. The district court found that Reavish was equally culpable with Martin and Traylor, and that he held a gun to the head of the undercover officer involved. (J.A. 459.) These factual findings are not clearly erroneous. United States v. Anders, 899 F.2d 570, 580 (6th Cir.), cert. denied, 498 U.S. 990 (1990). The court did not err in denying the adjustment.
 
 
 21
 Similarly, Israel's upward adjustment for an aggravating role as a manager pursuant to Sec. 3B1.1 is supported by the record. In overruling defendant's objection at sentencing, the district court stated that the trial record showed that Israel secured the house from Hanks, provided the drugs to be distributed, recruited Reavish, Martin, and Traylor to distribute the drugs, and instructed Hanks to purchase the firearms that were used during the drug transactions. (Tr. Sentencing 18.).
 
 K.
 
 22
 Reavish claims that the court erroneously relied on a factually unsubstantiated federal criminal charge that resulted in dismissal to justify a sentence at the top end of the Guideline range. As part of its rationale for sentencing at the upper end of the guideline range, the district court noted that defendant had appeared before the court before on a different drug charge that was ultimately dismissed. (See J.A. at 461.)
 
 
 23
 Although the presentence report reference is cryptic, it is apparent that the district court had additional information regarding the prior charge because it had arisen in the same court less than twelve months prior to the current charges. (J.A. 461.) In any event, the court also stated that it was basing its sentencing determination on the fact that Reavish has four children by three different women, and that he has never supported any of them. (J.A. 461.) We find that the district court's explanation of the sentence fully satisfied 18 U.S.C. Sec. 3553(c).
 
 
 24
 Reavish also objects to the court's imposition of a $1000 fine, because as noted in the presentence report, he is indigent. Notwithstanding, Reavish's current assets are not the measure of his ability to pay a fine in the future, and defendant has not met his burden of establishing that he will be unable to pay the fine upon his release. See United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989).
 
 L.
 
 25
 Defendants' remaining contentions do not warrant discussion.
 
 III.
 
 26
 For all the foregoing reasons, we AFFIRM the defendants' judgments of conviction as well as their sentences.