25 F.3d 1052
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles TILLMAN, Defendant-Appellant.
 No. 93-3620.
 United States Court of Appeals, Sixth Circuit.
 May 18, 1994.
 
 Before: MERRITT, Chief Judge, and KENNEDY and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from sentences imposed on conviction for possession of crack cocaine with intent to distribute it (a violation of 21 U.S.C. Sec. 841(a)) and for use of a firearm during and in relation to a drug trafficking offense (a violation of 18 U.S.C. Sec. 924(c)). A determinate sentence was mandated by statute for the firearm conviction, and we conclude that the district court erred in imposing a longer sentence for this offense than was authorized by law. We shall affirm the drug trafficking sentence, but we must remand the case for resentencing on the firearm offense.
 
 
 2
 * On June 20, 1991, state and federal officials executed a search warrant at an apartment occupied by defendant Charles Tillman at the Wilkes-Villa housing complex in Elyria, Ohio. The officers seized several items from Mr. Tillman's bedroom, including 4.26 grams of crack cocaine, $6,127 in cash, jewelry and receipts for purchases of jewelry totaling thousands of dollars, nine guns (mostly semi-automatic pistols), assorted ammunition, a scale, a pager, and numerous photographs depicting Mr. Tillman and others with firearms, money, and jewelry. In addition to the crack cocaine found in Mr. Tillman's bedroom, 10.89 grams of crack cocaine were found in the bedroom of Mr. Tillman's 14-year-old sister.
 
 
 3
 In October of 1991 a federal grand jury returned a two-count indictment charging Mr. Tillman with possession of 4.26 grams of crack cocaine with intent to distribute it and using or carrying firearms during and in relation to a drug trafficking offense. Mr. Tillman pleaded not guilty. A jury subsequently found him guilty on both counts.
 
 
 4
 The district court conducted a sentencing hearing on April 22, 1992. Testimony was presented at the hearing regarding a double homicide at Wilkes-Villa several months prior to the search of Mr. Tillman's residence. Each of the victims was shot with a single "tri-plex" bullet, and Tillman was seen with the two principal suspects shortly after the murders occurred. The murder weapon was recovered a short distance away from Tillman's apartment building. Triplex bullets were found in Mr. Tillman's apartment when the search warrant was executed.
 
 
 5
 In calculating the guideline sentencing range for the drug offense, the court found that the defendant's base offense level was 32. This was predicated on the 4.26 grams of crack cocaine found in Tillman's bedroom and a "conversion" into drugs of the $6,127 found there. The offense level was increased to 34 under U.S.S.G. Sec. 3B1.1 based on Tillman's role in the offense. Tillman was placed in Criminal History Category III, which meant that his guideline sentencing range was imprisonment for 188-235 months. The court imposed the maximum sentence within that range, a term of 235 months.
 
 
 6
 With respect to Count Two, the firearms offense, the court noted that the statutory penalty for violation of 18 U.S.C. Sec. 924(c) is a mandatory term of five years (60 months), to be served consecutive to any sentence on the substantive drug trafficking offense. The court found, however, that the number and type of weapons involved in this case were aggravating circumstances of a kind, or to a degree not adequately considered by the sentencing guidelines. The court therefore imposed a sentence of imprisonment for five years and ten months.
 
 
 7
 On May 27, 1993, the district court vacated the sentence and resentenced Mr. Tillman in accordance with the original sentence. This was done to give Mr. Tillman another opportunity to perfect a timely appeal--an opportunity of which he took advantage by promptly filing a notice of appeal.
 
 II
 
 8
 * Mr. Tillman argues first that there was insufficient evidence to connect him to the quantity of crack cocaine on which the district court based his sentence. This argument rests in part, as we shall see, on a misapprehension as to what the court actually did.
 
 
 9
 The quantity of drugs attributable to a defendant for sentencing purposes must be established by a preponderance of the evidence. United States v. Gonzales, 929 F.2d 213, 216 (6th Cir.1991). A trial court's determination of the quantity of drugs for which a defendant will be held accountable is a factual finding that we must accept unless it is clearly erroneous. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 498 U.S. 990 (1990). Where the quantity seized does not reflect the scale of the offense, the sentencing court is directed to approximate the quantity that should be attributed to the defendant. See U.S.S.G. Secs. 2D1.1 n. 12, 2D1.4, n. 2 (November 1, 1991); United States v. Jackson, 990 F.2d 251, 253 (6th Cir.1993). We have previously approved the practice of "converting" seized cash into drugs, based on equivalent values, where the quantity of drugs seized was not reflective of the scale of the criminal activity. Jackson, 990 F.2d at 253.
 
 
 10
 In this case the district court found that the 4.26 grams of cocaine seized in Mr. Tillman's bedroom did not reflect the extent of Mr. Tillman's drug dealing activities. This finding was not clearly erroneous. Mr. Tillman's apartment contained several items strongly indicative of extensive drug dealing, including pagers, cellular telephones, a scale, numerous weapons, jewelry, cash, and a drug ledger. Further, there was testimony to the effect that Mr. Tillman controlled half of the drug distribution in the Wilkes-Villa housing complex.
 
 
 11
 The court based Mr. Tillman's sentence on a total of approximately 65 grams of crack cocaine--the 4.26 grams from the bedroom, plus the crack cocaine equivalent of the $6,127 in cash. (The court used a conversion factor of $100 per gram, a police detective having testified that crack cocaine sold in the area for at least $100 per gram.) Contrary to Mr. Tillman's apparent understanding, the court did not attribute to Tillman the 10.89 grams of crack cocaine found in the sister's bedroom.
 
 
 12
 We are satisfied that the court's computation of the quantity of drugs attributable to Mr. Tillman was supported by a preponderance of the evidence and was not clearly erroneous. Mr. Tillman's challenge to the offense level used by the sentencing court is without merit.
 
 B
 
 13
 The sentencing guidelines say that for a defendant "convicted [of a firearm offense] under 18 U.S.C. Sec. 924(c) ... the term of imprisonment is that required by statute." U.S.S.G. Sec. 2K2.4(a). The statute says that a defendant who uses a firearm during and in relation to a drug trafficking crime "shall ... be sentenced to imprisonment for five years." Although the commentary to the Sentencing Guidelines states that Sec. 924(c) imposes a "mandatory minimum penalt[y]," see background note to U.S.S.G. Sec. 2K2.4 (emphasis added), the plain language of the statute leaves no room for doubt that Congress mandated a determinate sentence of five years, no more and no less. A sentencing court has no authority to depart in either direction from a mandatory determinate sentence, unless a downward departure is granted on motion of the government. See 18 U.S.C. Sec. 3553(e).
 
 C
 
 14
 Finally, Mr. Tillman objects to the district court's imposing a sentence at the top of the guideline range for the drug trafficking conviction. This court is without jurisdiction to review any sentence within the guideline range unless the defendant identifies a legal or constitutional defect in the court's sentence. United States v. Velez, 1 F.3d 386, 389 (6th Cir.1993) (no review of sentence within guideline range "unless the appellant raises a constitutional challenge"); United States v. Lovins, 993 F.2d 1244, 1245 (6th Cir.1993) (no review of sentence within guideline range absent "specific legal error in the formulation of the sentence"). Mr. Tillman now argues, for the first time, that the court's reliance on "irrelevant and insupportable" information was a denial of his right to due process. He maintains that the court improperly relied on unconfirmed information regarding Mr. Tillman's gang-related and criminal activity.
 
 
 15
 In choosing a sentence within the guideline range, courts have discretion to consider a broad range of information regarding the defendant's background, character, and conduct. 18 U.S.C. Sec. 3661; U.S.S.G. Sec. 1B1.4. The court must state its reasons for imposing a particular sentence within the guideline range if the sentence is greater than 24 months. 18 U.S.C. Sec. 3553(c)(1). If a court fails adequately to state its reasons, any objection is waived if not presented at the time of sentencing. See United States v. Caicedo, 937 F.2d 1227, 1236 (7th Cir.1991); United States v. Groce, No. 91-5999 (6th Cir. Oct. 15, 1992). Mr. Tillman failed to object to the sufficiency of the court's explanation at the time of sentencing, and the objection has thus been waived.
 
 
 16
 If the objection had not been waived, we would have found that the district court's explanation of the sentence fully satisfied the requirements of Sec. 3553(c). The court expressed itself as follows at the sentencing hearing:
 
 
 17
 "I want to make it clear what is not entering into the picture as far as sentencing today.... You are not being sentenced for possible involvement in a homicide. You are not being sentenced for possible involvement in some kind of gang activity. It is of no consequence to me whether there were or were not street gangs at Wilkes-Villa. What you are being sentenced for is drug trafficking. You are being sentenced for possessing firearms during, and in relation to drug trafficking, and I am looking at all of the circumstances which surrounded that, and that included the evidence as to the way you brandished your weapons about in the community. That includes the evidence of your lifestyle. That I know includes conversion of that amount of cash to an equivalent amount of drugs. And all of that adds up to a very hefty sentence."
 
 
 18
 The court continued: "Because of the gravity of all of the circumstances surrounding this offense, and your behavior in general, and your criminal history in particular, Mr. Tillman, [ ] you are to be sentenced at the top end of the scale." The court relied only on permissible factors in imposing the sentence, and its explanation for going to the top of the scale was more than adequate.
 
 III
 
 19
 The sentence as to count one is AFFIRMED. The sentence as to count two is VACATED, and the case is REMANDED with instructions to impose the 60-month sentence prescribed by statute.