59 F.3d 171
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William L. RAY, II, Defendant-Appellant.
 No. 94-3862.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 On Appeal from the United States District Court, for the Northern District of Ohio, No. 93-00766; John W. Potter, Judge.
 N.D.Ohio
 REVERSED.
 Before: MERRITT, Chief Judge; BROWN and MARTIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claiming that the district court erred by converting $20,000 in seized cash into an equivalent amount of cocaine for sentencing purposes, William L. Ray appeals the sentence imposed following his conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1).
 
 
 2
 On July 1, 1993, ATF agents and state police officers executed a federal search warrant at Ray's residence in Lima, Ohio. After an alert by a police dog near the fireplace, they found a shoe box containing two pieces of crack cocaine and $20,030 cash hidden behind a panel. The two pieces of crack weighed 1.8 grams. The officers seized another $4,170 from Ray's jacket pocket as well as a gun in his bedroom.
 
 
 3
 On September 9, 1993, a federal grand jury in Cleveland, Ohio, indicted Ray and charged him with violating 21 U.S.C. Sec. 841(a)(1). After the district court affirmed a federal magistrate's order overruling Ray's motion to suppress the evidence seized during the search, a one-day trial was held on May 11, 1994. During the trial, the United States introduced evidence (1) that the two pieces of crack had a street value of $100.00 each in Lima, Ohio, at the time they were seized, (2) that the crack was too large for personal use and must be broken down for sale, (3) that Ray's apartment was used as a "safe house" above one where drugs were sold, and (4) that Ray was present during at least one controlled purchase of forty-one grams of cocaine. At the close of the trial, the jury found Ray guilty.
 
 
 4
 After a hearing addressing Ray's objections to the presentence report, the district court sentenced him to seventeen years, six months in prison. In doing so, the district court determined Ray's base offense level using the 1.8 grams of cocaine seized, the forty-one grams sold during a controlled purchase, and the cocaine equivalent of $20,000 cash. The court did not convert the additional $4,170 cash because it was not found with the crack cocaine. Ray now appeals from that sentence, claiming that the United States never proved at trial that Ray possessed an amount of crack cocaine larger than the 1.8 grams seized. Ray also contends that the increase from base offense level twelve to thirty-four because of the converted cash is fundamentally unfair.
 
 
 5
 The amount of cocaine a defendant will be held accountable for during sentencing is a finding of fact which we review for "clear error." United States v. Jackson, 990 F.2d 251, 253 (6th Cir. 1993); United States v. Walton, 908 F.2d 1289, 1301 (6th Cir.), cert. denied, 498 U.S. 989 (1990). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. Sec. 2D1.1, comment. (n.12). In making this approximation, we have specifically approved converting seized cash into an equivalent amount of drugs so long as the conversion ratio used is supported by a preponderance of the evidence. United States v. Samour, 9 F.3d 531, 537 (6th Cir. 1993); Jackson, 990 F.2d at 253. In this case, however, there is little if any proof as to the origins of the money which was converted. The money could have come from almost any source, legal or illegal. There was no proof of any other drug activities engaged in by Ray. The conversion of the cash to drugs is authorized only after a preponderance of the evidence establishes that the money came from the sale of the drug to which the conversion was applied.
 
 
 6
 The judgment of the district court is REVERSED and the case is remanded for resentencing.