**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4203

PATRICK FINLEY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Aiken.
Charles E. Simons, Jr., Senior District Judge.
(CR-95-365)

Submitted: September 10, 1996

Decided: September 27, 1996

Before HALL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jan S. Strifling, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Beth Caldwell, Assistant United States
Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Patrick Finley appeals his sentence of ninety-three months incarceration after pleading guilty to conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana,[1] and possession with intent to distribute cocaine and marijuana.[2] Finley contends that the district court erred in determining his base offense level by converting sums of money seized or transferred by Western Union money orders into an equivalent amount of cocaine base. Finding no reversible error, we affirm Finley's sentence.

First, Finley waived his right to challenge the origin and the nature of the funds at issue, absent plain error.[3] At sentencing, counsel stated, "[w]e don't have any factual issues to present as far as the amount of money or the origins thereof." However, Finley now claims that he should not be accountable for the cash seized from a co-defendant or for the amount transferred via Western Union. Finley asserts that he should not be responsible for the amount of drugs or currency involving other persons and also makes the vague assertion that the amounts may be from an unrelated activity of which he has no knowledge or connection. Finley's claim is without merit. Finley provides absolutely no support for his other activities claim and in cases of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.[4] Consequently, the district court's action of attributing all amounts of drugs and cash from the conspiracy to Finley does not constitute plain error.

_____

[1] 21 U.S.C. § 846 (1988).

[2] 21 U.S.C. § 841 (1988).
[3] FED. R. CRIM. P. 52(b); see United States v. Olano, 507 U.S. 725, 731-32 (1993).
[4] U.S.S.G. § 1B1.3(a)(1); United States v. Nelson, 6 F.3d 1049, 1056 (4th Cir. 1993), cert. denied, 62 U.S.L.W. 3792 (U.S. May 31, 1994) (No. 93-8210).

2

Next, Finley asserts that the federal sentencing guidelines do not permit the district court to convert cash and other records held by co-conspirators into an amount of cocaine base for determining his base offense level. Finley acknowledges that in United States v. Hicks[5] we held that seized currency may be converted to its equivalent in drugs for purposes of sentencing,[6] but he claims that Hicks is limited to the actual possessors of the cash and should not be applied to a co-conspirator. We find Finley's reading of Hicks to be too narrow.

Where the amount of drugs seized does not reflect the scale of the offense, the sentencing judge should approximate the quantity of the controlled substance. In making this determination, the judge may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.[7] Therefore, the district court may convert seized currency into an equivalent amount of the charged drug as long as the government proves the connection between the money seized and the drug-related activity.[8] Additionally, for the reasons stated earlier, the entire amount of drugs involved in the overall conspiracy are attributable to Finley.[9]

Determinations of the quantity of cocaine base to be considered as relevant conduct for the purpose of calculating a defendant's base offense level are factual in nature and subject to the clearly erroneous standard of review.[10] The government need only prove the amount of drugs or drug proceeds by a preponderance of the evidence,[11] and

_____

[5] 948 F.2d 877 (4th Cir. 1991).
[6] Hicks, 948 F.2d at 881-83; see also United States v. Jackson, 990 F.2d 251, 253 (6th Cir. 1993); United States v. Stephenson, 924 F.2d 753, 764-65 (8th Cir.), cert. denied, 502 U.S. 813 (1991); United States v. Gerante, 891 F.2d 364, 386-87 (1st Cir. 1989).
[7] U.S.S.G. § 2D1.1, comment. (n.12).
[8] United States v. Hicks, 948 F.2d at 881-83.
[9] See United States v. Vinson, 886 F.2d 740, 742 (4th Cir. 1989), cert. denied, 493 U.S. 1062 (1990).
[10] Hicks, 948 F.2d at 881.
[11] United States v. Powell, 886 F.2d 81, 85 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990).

3

statements by co-conspirators are sufficient for this purpose.**12** In reviewing the evidence, we find it sufficient to satisfy the government's burden.

Having found Finley's objections to be without merit, we conclude that the district court's finding on the quantity of cocaine used to calculate Finley's base offense level was not clearly erroneous. Accordingly, we affirm Finley's sentence of ninety-three months incarceration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
**12** **United States v. Burns**, 990 F.2d 1426, 1439 (4th Cir.), cert. denied, 508 U.S. 967 (1993).

4