107 F.3d 872
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lisa TIMMONS and Eddie Lee Timmons, Defendants-Appellants.
 Nos. 95-5538, 95-5539.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1997.
 
 Before: SILER and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Lisa Timmons appeals her conviction for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting a criminal offense in violation of 18 U.S.C. § 2. Lisa Timmons contends the district court erred in denying her motion for a judgment of acquittal on the ground that there was insufficient evidence to convict her of the charges. Her co-defendant, Eddie Lee Timmons, pleaded guilty to the same charges prior to trial. Both defendants allege that the district court erred in applying United States Sentencing Guidelines ("U.S.S.G.") §§ 2D1.1 and 1B1.3 in approximating the quantity of cocaine sold based upon the amount of cash recovered from Lisa Timmons's home. For the reasons that follow, we affirm the judgment of the district court.
 
 I.
 
 2
 On January 28, 1994, pursuant to a search warrant, police raided the home of defendant Lisa Timmons in Chattanooga, Tennessee. Defendant Eddie Lee Timmons, Lisa Timmons's uncle, was present in the home at the time of the search. As the search was underway, Lisa Timmons and her husband, Norman Freeman, drove into the driveway. Freeman then quickly backed the car out of the driveway and attempted to flee the neighborhood. Police stopped the vehicle and arrested both occupants.
 
 
 3
 During their search of Lisa Timmons's home, police discovered crack cocaine secreted in a can of hair spray in the bathroom. Similarly, police found more crack cocaine in a can of soup in the kitchen. Both cans had false bottoms which served to hide their true contents. Both Freeman's and Eddie Lee Timmons's fingerprints were found on the can of hair spray.
 
 
 4
 In the bedroom shared by Lisa Timmons and Freeman, police found two bundles of cash under the mattress. Additionally, police found a .380 pistol box in the bedroom, .380 ammunition on a shelf in the living room and a set of digital scales on a sofa. In the automobile which Freeman was driving, police found a pistol, a hand-held submachine gun and a substantial amount of cash. Police also found a clip for a .380 semi-automatic on Freeman's person when they searched him.
 
 
 5
 On February 11, 1994, a federal grand jury returned a three-count indictment charging Eddie Lee Timmons and Lisa Timmons, as well as Norman Freeman, with various drug and weapons violations. Eddie Lee Timmons pleaded guilty to one count of possessing crack cocaine with intent to distribute. Lisa Timmons and Freeman proceeded to trial, whereupon a jury convicted Lisa of violating 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The district court sentenced Lisa and Eddie Lee Timmons to 97 and 120 months imprisonment, respectively, and also imposed terms of supervised release. The defendants filed timely appeals.
 
 
 6
 For purposes of sentencing, the court attributed to both Lisa and Eddie Lee the 49.2 grams of crack cocaine recovered in Lisa Timmons's residence. In addition, pursuant to U.S.S.G. §§ 2D1.1 comment. (n. 12) and 1B1.3, the court attributed to Lisa and Eddie Lee the hypothetical equivalent of $5,883 worth of crack cocaine--29.42 grams--thereby enhancing their offense level by two.
 
 II.
 
 7
 We review a district court's findings of fact underlying the application of a sentencing guideline for clear error. See 18 U.S.C. § 3742; United States v. Smith, 39 F.3d 119, 122 (6th Cir.1994). We review de novo a district court's legal conclusions as to whether the facts warrant application of a particular guideline. Id.
 
 III.
 
 8
 Lisa Timmons contends the district court erred in denying her motion for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure because insufficient evidence was presented to support her convictions. In reviewing the denial of such a motion, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Evans, 883 F.2d 496, 501 (6th Cir.1989) (quoting Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). To obtain a conviction for a violation of 21 U.S.C. § 841(a)(1), the government must prove that the defendant (1) knowingly, (2) possessed a controlled substance, (3) with the intent to distribute. United States v. Peters, 15 F.3d 540, 544 (6th Cir.1994). Lisa Timmons was also convicted under 18 U.S.C. § 2, the aiding and abetting statute. "To be found guilty of the crime of aiding and abetting a criminal venture, a defendant must associate himself with the venture in a manner whereby he participates in it as something that he wishes to bring about and seeks by his acts to make succeed." United States v. Knox, 839 F.2d 285, 294 (6th Cir.1988) (applying 18 U.S.C. § 2); see United States v. Garcia, 866 F.2d 147 (6th Cir.1989).
 
 
 9
 Lisa Timmons argues that the evidence at trial showed, at most, that she was merely present at the crime scene and that she may have had knowledge that a crime was being committed. Timmons relies heavily upon United States v. Peters, in which we determined that the evidence presented at trial was insufficient to sustain a conviction for a violation of 21 U.S.C. § 841(a)(1). See 15 F.3d at 544. In Peters, police arrested defendants Winton and Peters after executing a search warrant for a residence which contained drugs and drug paraphernalia. In the course of executing the warrant, police found Peters in an upstairs bedroom that contained crack cocaine, a pager device, and a roll of cash totaling close to $1,000. Police discovered Winton in a room downstairs but, after searching, found no incriminating evidence on him. In overturning Winton's conviction, the court stated:
 
 
 10
 Here, the record is devoid of evidence that Winton was anything but merely present when the officers executed the search warrant. There was no evidence that Winton had previously purchased or sold cocaine from the duplex. The government also failed to demonstrate that Winton had been in the upstairs bedroom or had any association with the room's sole occupant, Peters.
 
 
 11
 Peters, 15 F.3d at 544 (citations omitted).
 
 
 12
 We find Peters distinguishable in that Lisa Timmons, unlike Winton, was not simply present at a location where drugs were recovered. Rather, the evidence established that she lived at the location and controlled its access. Furthermore, evidence of drug distribution, including a digital scale and ammunition, were recovered in plain view from the rooms in which Timmons lived. See United States v. Savinovich, 845 F.2d 834 (9th Cir.1988) (holding that knowing possession of drugs may be inferred where drugs were found in plain view); United States v. Francis, 646 F.2d 251 (6th Cir.1981) (holding that the evidence was sufficient to support the defendant's conviction where heroin was found behind a wall in the public area of the defendant's barbershop and drugs and paraphernalia were found in the rear part of the shop, even though others had access to those areas).
 
 
 13
 We conclude that the presence of drugs in Lisa Timmons's home, along with other drug-related items in plain view, constitutes sufficient evidence to support her convictions. See Francis, 646 F.2d at 261. Thus, we hold that the district court did not err in denying her motion for judgment of acquittal.
 
 IV.
 
 14
 Lisa and Eddie Lee Timmons next contend that the district court erred in enhancing their offense levels under U.S.S.G. § 2D1.1, comment. (n. 12). The district court determined that the defendants' offenses exceeded the amount of crack cocaine found in the search of Lisa Timmons's home. Thus, the district court converted the $5,883 seized from the residence and the automobile into an equivalent amount--29.42 grams--of crack cocaine. The district court then attributed this amount, in addition to the 49.2 grams of crack cocaine actually found in the residence, to both Lisa and Eddie Lee Timmons, thereby enhancing each individual offense level by two. Lisa and Eddie Lee contend that insufficient evidence was presented to link them to the cash that was recovered from the car and the bedroom and, thus, that the district court erred in converting that cash into a hypothetical quantity of crack cocaine to enhance their offense levels.
 
 
 15
 The United States Sentencing Guidelines provide that quantities of drugs not specified in the counts of a conviction may be considered in determining a defendant's offense level. U.S.S.G. § 2D1.1, comment. (n. 12). Accordingly, recovered cash may be converted into a quantity of drugs where the amount of drugs seized does not reflect the true scale of the defendant's offense. See United States v. Bashara, 27 F.3d 1174, 1181-82 (6th Cir.1994) (holding that the amount of a wire transfer was properly converted into an equivalent amount of heroin, based upon the price for which the defendant had previously purchased heroin). The district court's finding that the cash represented proceeds from a defendant's drug transactions need only be supported by a preponderance of the evidence. See United States v. Jackson, 990 F.2d 251, 253 (6th Cir.1993).
 
 
 16
 In the present case, the district court was presented with sufficient evidence to connect Lisa Timmons to the cash recovered from her home and the automobile, and to conclude that the cash was the proceeds of drug transactions. Lisa Timmons certainly facilitated the drug distribution operations of her co-defendants and had access to the drug proceeds. The evidence presented at trial showed that she allowed her house to be used by her co-defendants as a place to store approximately $10,000 worth of crack cocaine, a firearm and ammunition to protect the illicit substance, and a scale to be used in preparing the substance for sale. Also, despite the fact that Lisa Timmons was only sporadically employed in low-paying jobs, she had sufficient cash to pay her rent and electric bills, and to afford a beeper on which she could be reached. Additionally, the cash recovered from the bedroom was located in a manilla envelope with Lisa Timmons's name on it. Considering the scope of the evidence presented by the government, we hold that the district court did not clearly err in finding that Lisa Timmons was connected to the cash recovered from the home and automobile or in finding that the cash was drug-related. Thus, the district court properly converted the cash into an equivalent amount of crack cocaine for the purpose of enhancing Lisa Timmons's sentence.
 
 
 17
 Similarly, sufficient evidence was presented to the district court to connect Eddie Lee Timmons to the cash recovered from the residence and the automobile. Eddie Lee Timmons admitted his involvement in the drug distribution operations by pleading guilty to possession of cocaine with intent to distribute. Also, the evidence presented to the district court indicated that the co-defendants' drug distribution operations were ongoing and that approximately $10,000 worth of crack cocaine and $5,883 cash were recovered from the residence. Considering that Eddie Lee had not been employed for over twelve years and had no legitimate source of income, and that none of the defendants could provide a legitimate source for that cash, the district court did not clearly err in finding that the cash was the proceeds of Eddie Lee and his co-defendants' drug transactions. Therefore, the district court properly converted that cash into an equivalent amount of crack cocaine for the purpose of enhancing Eddie Timmons's base offense level.
 
 V.
 
 18
 Accordingly, we AFFIRM the decisions of the district court.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation