**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Demetris Alphonse JAMES, Defendant–Appellant.**

No. 00–2365.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 2002.

---

Before SILER, COLE and CLAY, Circuit Judges.

CLAY, Circuit Judge.

Defendant Demetris Alphonse James appeals from the judgment sentencing him to concurrent terms of 124 months' imprisonment on his plea-based convictions on three counts of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). On appeal, Defendant argues that the district court erred when it accepted the conversion of cash to drug quantity calculation, as set forth in the presentence report, in determining relevant conduct for sentencing purposes under USSG § 1B1.3(a)(2), claiming that the determination of relevant conduct in a drug case is an element of the offense that must be proved beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Alternatively, Defendant argues that even if *Apprendi* does not apply, the government failed to show by a preponderance of the evidence the cash to cocaine base conversion for determining relevant conduct. For the reasons set forth below, we AFFIRM the district court's judgment.

## BACKGROUND

On September 16, 1999, Defendant sold 0.51 grams of cocaine base to a confidential informant for the Lansing, Michigan Police Department. The same confidential informant also purchased 0.96 grams of cocaine base from Defendant on December 18, 1999. On January 21, 2000, the same confidential informant purchased 2.21 grams of cocaine base from Defendant. As a result, Defendant was arrested and bound over on three counts of distribution of cocaine base. On February 10, 2000, a grand jury returned an indictment against Defendant charging that he "did knowingly and intentionally distribute cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1)."

On the scheduled first day of trial, April 17, 2000, Defendant entered a guilty plea to all three counts of the indictment, pursuant to a plea agreement. (J.A. at 25.) Under the plea agreement, the government agreed not to use Defendant's "proffer statement to enhance his sentence pursuant to USSG § 1B1.8." The government also agreed to "recommend the lowest end of the guidelines range" at sentencing. After reviewing the terms of the guilty plea with Defendant and establishing a factual basis for the pleas, the district court accepted both the plea agreement and the guilty pleas.

A presentence report was prepared by the United States Probation Office. The presentence report noted that three controlled buys were made from Defendant. The first involved the purchase of 0.51 grams of cocaine base for $50.00 on September 16, 1999; the second involved the purchase of 0.96 grams of cocaine base for $100.00 on December 18, 1999; and the third involved the purchase of 2.21 grams of cocaine base for $200.00 on January 11, 2000. The presentence report noted that on January 12, 1999, a Federal search warrant was executed at Defendant's residence located at 400 E. Potter Street in Lansing, Michigan, in which law enforcement officials seized $11,660.00 in United States currency located in the heating duct in the master bedroom, including $150.00 in bills that law enforcement used to purchase cocaine base from Defendant. Also seized were a triple beam scale, a cell phone and a pager. The presentence report also noted that various individuals stated that they had purchased cocaine base in varying amounts from Defendant. According to the presentence report, Defendant had no steady employment, but worked sporadically in low-wage jobs. Defendant's wages, as reported to the Social Security Administration, were $139.30 in 1989; $2,976.35 in 1990; and $866.14 in 1992. Defendant also reported to the probation officer that he had no assets, but several thousand dollars in outstanding debts.

In determining relevant conduct for sentencing purposes under USSG § 1B1.3(a)(2), the presentence report provides the following calculation regarding the drug quantity conversion:

> Based on the foregoing, Demetris James is responsible for distributing 114.18 grams of crack cocaine. In addition to the three controlled buys which totaled 3.68 grams of crack cocaine (.51 grams + .96 grams + 2.21 grams) law enforcement seized from the defendant a total of $11,510.00 ($11,660.00—$150.00) in drug proceeds. At a rate of $100.00 per .96 grams, the $11,510.00 seized equates to 110.5 grams of crack cocaine. This results in a total of 114.18 grams.

As the government explains in its brief, the presentence report uses a conservative determination of the total drug quantity by taking the highest sale price per gram of cocaine base for all three transactions.

Using the determination that 0.96 grams sold for $100.000 on December 18, 1999, the presentence report calculated that the $11,510.00 found in the heating duct of Defendant's residence converted into 110.5 grams of cocaine base. Adding the 110.5 grams of cocaine base to the 3.68 grams of cocaine base purchased by the confidential informant from Defendant results in a total of 114.18 grams of cocaine. This amount of cocaine yields a base offense level of 32 pursuant to USSG § 2D1.1(c)(4).

In response to the presentence report, Defendant's attorney, Ms. Krause–Phelan, prepared and filed a sentencing memorandum containing objections to the presentence report. Specifically, Defendant's attorney objected to the probation officer's failure to grant acceptance of responsibility and the probation officer's conversion of $11,510.00 in currency to cocaine base attributed to Defendant as relevant conduct. After Defendant was granted an adjournment on the sentencing hearing scheduled for August 18, 2000, Defendant requested an adjournment for the purpose of changing counsel, which the district court granted, setting a new sentencing date for September 21, 2000. In the interim, Mr. Frederick Blackmond was substituted as Defendant's retained counsel of record.

By letter dated August 30, 2000, Mr. Blackmond raised 18 objections to the presentence report. After a telephone conference call with the Assistant United States Attorney and the probation officer resolved eight of his objections, Mr. Blackmond proceeded to sentencing with the remaining objections, including the issue of whether the conversion of $11,510.00 in currency to the amount of 110.5 grams in drug quantity was appropriate. The supplemental addendum to the presentence report noted that "the Government is prepared to present testimony at time of sentencing" regarding Defendant's objection to the quantity of cocaine base attributable to Defendant.

However, at the sentencing hearing on September 21, 2000, Defendant made only one objection to the presentence report, objecting to the denial of a two-level reduction for acceptance of responsibility and claiming that he should receive credit for it under USSG § 3E1.1. Defense counsel added:

> Your Honor, no corrections or additions [to the presentence report] other than the fact that the only issue that we would be talking with this Court about during the process of sentencing would be the acceptance of responsibility issue. All other issues that we had the Court might have seen from the presentence report have been decided.

(J.A. at 62.) The district court then granted Defendant's objection on the acceptance of responsibility issue and recalculated the guidelines to reflect an offense level 30, criminal history category III. There was no discussion of the drug quantity conversion issue, which was attributed to Defendant as relevant conduct. Rather, the district court accepted what was set forth in the presentence report. When the district court specifically asked whether defense counsel had "[a]ny additional objections to the presentence report," defense counsel replied, "No, Your Honor, thank you." (J.A. at 67).

Based upon the adjusted offense level and criminal history category, the guidelines range was 121 to 151 months' imprisonment on each of Defendant's three convictions. The district court imposed concurrent sentences, within the guidelines, of 124 months' imprisonment on each count, with three years of supervised release on each count, and a special assessment in the amount of $300.00. Defendant filed a timely appeal.

## DISCUSSION

■ Defendant claims that the district court erred when it converted $11,510.00 in seized funds to a drug quantity for sentencing purposes. However, as the government points out, Defendant forfeited his claim regarding the conversion of cash to drug quantity calculation by not preserving the issue in the district court. *United States v. Wade*, 266 F.3d 574, 585–86 (6th Cir.2001). Specifically, defense counsel did not raise the issue at sentencing, stating that, apart from his objection to the denial of a two-level reduction for acceptance of responsibility, he had no further objections to the presentence report. Accordingly, we review the issue for plain error. Under the plain error test of Fed. R.Crim.P. 52(b), there must be "(1) error, (2) that is plain, and (3) that affects substantial rights." However, an appellate court may correct such an error not raised at trial, "but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton*, — U.S. —, —, 122 S.Ct. 1781, 1785, 152 L.Ed.2d 860 (2002) (citing *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)) (quoting *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *United States v. Carter*, 236 F.3d 777, 783–84 (6th Cir. 2001). Here, Defendant cannot show that the district court erred by accepting the presentence report's conversion of cash to drug quantity calculation for sentencing purposes.

■ In this case, Defendant claims that the government bears the burden of proving the conversion of cash to cocaine base for the determination of relevant conduct under USSG § 1B1.3(a)(2). Fed. R.Crim.P. 32(c)(1); *United States v. Walton*, 908 F.2d 1289, 1301 (6th Cir.1990). To meet its burden, Defendant argues that the government must prove that (1) that the $11,510.00 seized from his residence was the proceeds of illicit drug transactions; (2) that the drug involved was cocaine base; and (3) that the illegal drug transactions that yielded the funds were part of the same course of conduct or common scheme or plan as the conviction offenses. *See* USSG § 1B1.3(a)(2). Converting cash to a drug equivalent must be supported by the preponderance of the evidence. *Walton*, 908 F.2d at 1301; *United States v. Jackson*, 990 F.2d 251, 253 (6th Cir.1993).

Although this Court's precedent states that the government must show these factors by a preponderance of the evidence, *Walton*, 908 F.2d at 1301, Defendant claims that the proper standard of proof in this case is beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Thus, Defendant argues that the district court erred in accepting the facts set forth in the presentence report to the effect that Defendant committed the acts offered as relevant conduct without determining that these facts were proven beyond a reasonable doubt.

In *Apprendi*, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Apprendi*, the Court also stated that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* However, in *Apprendi*, the Court did not address the applicability of its holding to the sentencing guidelines, noting: "The Guidelines

are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held." *Apprendi*, 530 U.S. at 497 n. 21.

Recently, the Supreme Court in *Harris v. United States*, —— U.S. ——, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), held that *Apprendi* did not overrule *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which held that any fact increasing the statutory minimum sentence was a traditional sentencing factor to be weighed by the judge, not an element of the offense that had to be submitted to the jury and proven beyond a reasonable doubt. Specifically, four members of the Court in *Harris* explicitly stated that facts affecting only a statutory minimum—but not a statutory maximum—sentence need not be charged in the indictment or found by the jury beyond a reasonable doubt, but are facts that may be found by the judge. *Id.* at 2418–19, 153 L.Ed.2d 524 (plurality opinion). A fifth justice, while not joining in that plurality opinion, stated that in his view, the Sixth Amendment does not even require the result the Court reached in *Apprendi*, much less that facts affecting the statutory minimum sentence be included in the indictment and found beyond a reasonable doubt. *Id.* at 2420–21, 153 L.Ed.2d 524 (Breyer, J., concurring in part and concurring in the judgment).

In light of *Harris*, *Apprendi* is clearly inapplicable to the instant case inasmuch as Defendant's sentence did not exceed the statutory maximum penalty. As the government points out, Defendant was subject to a sentence of zero to twenty years in prison under 21 U.S.C. § 841(b)(1)(C). The guidelines range was 121 to 151 months' imprisonment. Here, Defendant was sentenced within the guidelines to concurrent terms of 124 months' imprisonment on each of his three convictions, which was less than the statutory maxi-mum. Accordingly, *Apprendi* is not applicable.

■ In the alternative, Defendant argues that the district court erred when it did not expressly rule on his objection to the conversion of cash to cocaine base for the purpose of determining relevant conduct under USSG § 1B1.3(a)(2). However, as the government points out, a defendant must contest the issue before the district court so as to allow the court an opportunity to address the objection and make factual findings. Absent an objection, "a sentencing court may rely on undisputed facts that are recited in a presentence report to conclude that the defendant committed acts offered as relevant conduct." *United States v. Shafer*, 199 F.3d 826, 830 n. 1 (6th Cir.1999); see also Fed. R. Crim P. 32(b)(6)(D) ("Except for any unresolved objection under subdivision (b)(6)(B), the court may, at the [sentencing] hearing, accept the presentence report as its findings of fact.") Here, there was no error when the district court did not rule on the issue, but accepted the conversion of money to drugs calculation, as set forth in the presentence report, in determining relevant conduct for sentencing purposes. Further, any presumed error was not plain, nor did it affect Defendant's substantial rights. Finally, any error did not seriously affect the fairness, integrity or public reputation of the proceedings against Defendant.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.